**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| EDWARD GONZALES, et al., | Case No. 2:23-cv-3051 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

**OPPOSITION TO DEFENDANT THE OHIO STATE UNIVERSITY'S MOTION TO
DISMISS JOHN DOE 77 WITH PREJUDICE**

In 2020, Plaintiff John Doe 77[1] joined one of several suits against The Ohio State University
("OSU") after learning that OSU allowed Dr. Richard Strauss to "examine" students despite
knowing his "examinations" went far beyond what was appropriate. Doe 77 is currently undergoing
a mental health crisis. Since the beginning of his ongoing crisis, Doe 77 has been in sporadic and
infrequent contact with his counsel and has been unable to actively participate in the litigation. Doe
77 has not provided his counsel with permission to dismiss his claims against OSU with prejudice,
and counsel has been unable to meaningfully communicate with him much at all for the past several
months. Plaintiff's counsel respectfully requests that the Court deny OSU's motion to dismiss and
either: (1) stay Doe 77's claims for six months or, alternatively, (2) dismiss his claims without
prejudice. A stay or dismissal without prejudice will not prejudice OSU because it has done no
work specific to Doe 77. If the Court is inclined to dismiss Doe 77's claims, it should dismiss his
claims without prejudice and with both him and OSU bearing their own costs.

---

[1] This opposition brief pertains only to John Doe 77 in Case No. 2:23-cv-03051.

*Background*

This case is one of many that have been filed against The Ohio State University ("OSU") by five plaintiff groups. The first such suit was filed in 2018, *see* Compl., *Garrett v. Ohio State University*, No. 18-692 (S.D. Ohio July 16, 2018), ECF No. 1, but John Doe 77 joined the litigation as a plaintiff in 2020, Consolidated Class Action Compl., *id.*, ECF No. 157. Doe 77, along with the other plaintiffs, generally allege that OSU violated Title IX by allowing Dr. Richard Strauss to exploit students at OSU from 1979 through 1998. Initially, the cases were stayed for mediation until 2020 when mediation discussions faltered. *See* Order, *id.*, ECF No. 151. Then, OSU moved to dismiss all the complaints on statute of limitations grounds. Def.'s Motion to Dismiss, *id.*, ECF No. 162. The Court agreed with OSU and dismissed the cases in 2021. Opinion & Order, *id.*, ECF No. 197. This ruling applied to all cases and all plaintiffs.

Plaintiffs appealed that dismissal and won at the Sixth Circuit in 2023. *Garrett v. Ohio State Univ.*, 60 F.4th 359 (6th Cir. 2023). Defendants petitioned for a writ cert at the Supreme Court, but the Supreme Court denied that petition. *See Ohio State Univ. v. Gonzales*, 143 S. Ct. 2659 (2023). Doe 77's case returned to the district court in June 2023 and the Court ordered each of the five plaintiff groups to consolidate plaintiffs they represent into one complaint. *Garrett v. Ohio State Univ.*, No. 18-692, ECF No. 214. It also ordered that the cases from the five plaintiffs groups be coordinated for discovery purposes. *Id.*

On September 22, 2023, Doe 77, along with the other plaintiffs being represented by the undersigned, refiled the Complaint. *See* Compl., ECF No. 1. On November 27, 2023, the Court ordered the parties to develop fact sheets to help decide Bellwethers. Pretrial Order No. 1, ECF No. 12. After extensive discussions between the parties, the Court entered the fact sheets in February 2024, CMO No. 1, ECF No. 21, and set their due date for May 31, 2024, Order, ECF No. 33. The Court also considered the parties' bellwether proposals and told the parties that a total of 20 cases

would proceed with full discovery before selection for bellwether trials. Transcript of Mar. 28, 2024 Hearing, ECF No. 37 at PageID 988 (5:9–16).

Doe 77 was unable to submit a completed fact sheet by the deadline, and instead was only able to submit a fact sheet that was partially filled out due to his ongoing mental health crisis. After receiving his partially completed fact sheet, Plaintiff's counsel has only had sporadic and infrequent contact with Plaintiff. During the subsequent meet-and-confer efforts between the parties, OSU noted the incompleteness of Doe 77's fact sheet and Plaintiff's counsel explained the situation and their ongoing attempts to contact him and complete the fact sheet. At this time, the parties have neither selected Doe 77 (or any other plaintiff) as a bellwether nor proposed his case for the first round of trials. Discovery has not yet commenced and will not likely begin until at least October 2024.

*Discussion*

### 1. The Court Should Stay Doe 77's Claims

Courts have broad discretion to stay proceedings. *Sourander v. Hanft*, No. 18-cv-11162, 2019 WL 140494, at *2 (E.D. Mich. Jan. 9, 2019) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Fowler v. Nelson*, No. 2:16-cv-02698, 2017 WL 2989194, at *1 (W.D. Tenn. Apr. 14, 2017) (citing *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014)). Plaintiff's counsel respectfully submits that Doe 77's claims should be stayed for 6 months instead of dismissed in order to allow time for his mental health crisis to subside and to give him the opportunity to cure his deficient fact sheet when he is cognizant and able. As the Court is aware, these cases have been pending for 6 years, and Doe 77 has been named a plaintiff for 4 years and

has been actively involved until his recent mental health crisis, which occurred due to filling out his fact sheet. Dismissing his claims after being a plaintiff in the litigation for 4 years would be prejudicial to Doe 77, and would also not prejudice OSU for the reasons set forth below.

### 2.   In the Alternative, the Court Should Dismiss Doe 77's Claims Without Prejudice

Federal Rule of Civil Procedure 41(a)(2) allows the Court to dismiss an action at a plaintiff's request "on terms that the court considers proper." "Unless the order [granting a Rule 41(a)(2) motion] states otherwise, a dismissal under Rule 41(a)(2) is without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (affirming district court's decision granting voluntary motions to dismiss without prejudice). The Federal Rules require courts to approve a voluntary dismissal after an answer has been filed "to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

The Sixth Circuit has stated that district courts abuse their discretion by allowing a plaintiff to voluntarily dismiss a claim without prejudice "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). Relevant factors for courts to consider are "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* Courts are not required to "analyze each factor or limit their consideration to these factors." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). And the "Court does not need to resolve every factor in the movants'

4

favor to find that dismissals without prejudice are warranted." *In re Ohio Execution Protocol Litig.*, No. 11-1016, 2015 WL 13778476, at *2 (S.D. Ohio Sept. 24, 2015).

These factors strongly favor Doe 77 for three reasons. *First*, Doe 77 is undergoing a mental health crisis. *Hendricks v. Hazzard*, No. 2:11-CV-399, 2014 WL 4467651, at *3 (S.D. Ohio Sept. 9, 2014), *report and recommendation adopted*, No. 2:11-CV-399, 2015 WL 586097 (S.D. Ohio Feb. 11, 2015) (recommending dismissal without prejudice due to, *inter alia*, "health concerns"). As such, he is unable to currently participate in this litigation. Doe 77 actively participated in litigation since being added in 2020. Lately, however, Plaintiff's counsel has only had sporadic and infrequent contact with Plaintiff and Plaintiff's medical provider has also been unable to contact Plaintiff. As such, there is no lack of diligence on Doe 77's part in prosecuting the action, his recent ongoing crisis has simply prevented it. In addition, a mental health crisis in which neither counsel nor his medical provider can locate a plaintiff is a sufficient explanation for the need to dismiss without prejudice. *Arrowhead Forest Prod., LLC v. Shamrock Bldg. Materials, Inc.*, No. 12-6047-CV-SJ-DW, 2013 WL 12205044, at *1 (W.D. Mo. July 26, 2013) (finding health concerns were a sufficient explanation for a need for dismissal and granting dismissal without prejudice).

*Second*, OSU has done little (if anything) to prepare for Doe 77's trial. At this point of the case, little plaintiff-specific work has been done. Instead, the parties have extensively briefed global statute of limitations issues raised in OSU's Rule 12(b)(6) motions. That work applies to all 200+ plaintiffs across the 5 consolidated cases. *See Yandell Const. Servs., Inc. v. LMR Const., LLC*, No. 17-1037, 2018 WL 4375112, at *3 (W.D. Tenn. Sept. 13, 2018) (noting that the ability to use work-product in other cases favors dismissal without prejudice). The parties are also briefing

the availability of emotional distress damages under Title IX, an issue that is not unique to Doe 77.

Further, OSU's work with respect to Doe 77 was to simply identify that he had not submitted a completed and signed fact sheet. He has not been identified as a bellwether or selected for the first round of trials. Thus, OSU cannot complain that it has expended much effort or expense towards Doe 77's claim specifically. *See Price v. Biomet Microfixation, LLC*, No. 14-222, 2015 WL 58774, at *2 (E.D. Tenn. Jan. 5, 2015) (finding the first *Grover* factor favored dismissal without prejudice because the parties just began discovery, the court had not entered a scheduling order, and the case was not yet set for trial).

*Third*, Doe 77 has not unnecessarily delayed prosecuting this action. While this litigation has a long history since Doe 77 joined this case in 2020, it was stayed pending mediation and then ultimately dismissed on statute of limitations grounds. The parties then litigated the statute of limitations issues to the Sixth Circuit which reinstated the case in 2023. The case returned to the Court in June 2023 and the parties and the Court discussed the best way to proceed. Plaintiff was actively involved in the litigation as it progressed through the district and appellate courts. The fact sheets were issued in February 2024 and due on May 31, 2024. The parties were provided with two extensions to the deadline to cure any perceived deficiencies in the fact sheets, until July 31, 2024 and August 20, 2024, before submitting the final fact sheets to the Court. These events "can hardly be said to be dispositive discovery delay or a lack of diligence on the movants' part in prosecuting the action." *In re Ohio Execution Protocol Litig.*, 2015 WL 13778476, at *2.

Given that OSU will have little—if any—prejudice if Doe 77 claim are dismissed without prejudice, the Court should also not require Doe 77 to bear any of OSU's costs. "Courts should award attorneys' fees and costs *only if necessary to protect Defendants, not to punish the movants*,

and any condition imposed should simply alleviate any harm Defendants would suffer upon dismissal. *Id.* at *3 (emphasis added). When deciding whether to award attorneys' fees, courts focus on "whether [1] the plaintiff acted in good faith in bringing the action, [2] extensive discovery costs were involved, and [3] extraordinary expenses were incurred in defending the action." *Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 318 (6th Cir. 2019).

Here, these factors strongly support having both parties bear their own costs. Doe 77 brought meritorious claims in good faith against Defendant OSU arising from the alleged illegal conduct of an OSU physician, Dr. Richard Strauss, alongside over 200 other plaintiffs. The parties have hardly conducted any discovery over six years prior to the fact sheet discovery inquiries. As of this motion, OSU has not done any work specific to Doe 77, other than note he did not provide a completed and signed fact sheet. Still, OSU will be able to use the evidence gathered in the fact sheet discovery to defend this action and subsequent actions, which alleviates potential prejudice to OSU. *See Kehoe Component Sales Inc. v. Best Lighting Prods., Inc.*, 933 F. Supp. 2d 974, 992 (S.D. Ohio 2013) (recognizing that allowing the defendant to use evidence in discovery to defend subsequent actions can alleviate prejudice to the defendant).

OSU has not incurred "extensive" discovery costs in defending the action because the parties elected to use fact sheets as a form of abbreviated discovery, with a due date of May 31, 2024 (with two additional deadlines of July 31, 2024 and August 20, 2024 to resolve any perceived deficiencies in the fact sheets). Both parties likely have incurred similar costs between the motion to dismiss briefing and responding to the fact sheets. There are no "extraordinary expenses" that OSU has incurred at this point in the litigation. In short, these factors favor both sides bearing their own costs. *See Walther*, 776 F. App'x at 318 ("The district court found that both parties incurred similar costs through discovery, none of [the defendant's] defense costs were extraordinary, the

matter was not brought in bad faith, and [the plaintiff's] case against [the defendant] can simply start where this case left off. It appropriately concluded that imposing attorney's fees and costs as a condition of dismissal was unwarranted. The district court's reasoning is within its discretion." (quotation cleaned up)).

### *Conclusion*

Issuing a stay of Doe 77's claims for 6 months will not prejudice OSU and allow an opportunity for Plaintiff's mental health crisis to subside. Alternatively, if the Court is inclined to dismiss Doe 77's claims, it should do so without prejudice and without imposing defense costs or fees on him.

Respectfully submitted this 6th day of September, 2024.

Attorneys for Plaintiffs:

*/s/ Joseph B. Kenney*
Joseph G. Sauder
Joseph B. Kenney
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312
(610) 200-0580
(610) 421-1326
jgs@sstriallawyers.com
jbk@sstriallawyers.com

Rex A. Sharp
Sarah T. Bradshaw
Nathan A. Kakazu
SHARP LAW, LLP
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 901-0419 fax
rsharp@midwest-law.com
sbradshaw@midwest-law.com
nkakazu@midwest-law.com

Simina Vourlis (0046689) (Trial Attorney)
The Law Offices of Simina Vourlis
856 Pullman Way
Columbus, OH 43212-3860
Phone: (614) 487-5900
Fax: (614) 487-5901
Email: svourlis@vourlislaw.com

Robert Allard
CERRI, BOSKOVICH AND ALLARD, LLP
96 North Third Street, Suite 620
San Jose, CA 95112
(408) 289-1417
(408) 289-8127 fax
rallard@cbalaw.net

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 fax
steve@estey-bomberger.com

Daniel R. Karon (0069304)
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Tel.: 216.622.1851
dkaron@karonllc.com

***COUNSEL FOR GONZALES PLAINTIFFS AND
THE PUTATIVE CLASS***

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on September 6, 2024. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

*/s/ Joseph B. Kenney*
Joseph B. Kenney
