**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD GONZALES, et al., | ) | |
| | ) | Case No. 2:23-cv-3051 |
| Plaintiffs, | ) | |
| | ) | Judge Michael H. Watson |
| v. | ) | |
| | ) | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S**
**RESPONSE TO JOHN DOE 77'S OPPOSITION TO OHIO STATE'S**
**MOTION TO DISMISS HIS CLAIMS WITH PREJUDICE**

Pursuant to the Court's October 8, 2024 Order in the above-captioned action (ECF No. 80), Defendant The Ohio State University ("Ohio State") respectfully submits this response to John Doe 77's September 6, 2024 filing (ECF No. 75).

John Doe 77's September 6, 2024 filing is misleadingly titled as an "Opposition to Defendant The Ohio State University's Motion to Dismiss John Doe 77 With Prejudice" (ECF No. 75). John Doe 77's "opposition" brief is actually a response to the ***Court's*** August 29, 2024 Order directing John Doe 77 to show cause why his claims should not be dismissed ***with prejudice*** for failure to prosecute his claims because he failed to submit a complete and verified plaintiff fact sheet ("PFS"), despite three extensions of the deadline to do so. *See* August 29, 2024 Order (ECF No. 71). Not only does John Doe 77's "opposition" brief make no mention of the Court's August 29 show cause order, but his ***counsels'*** request to stay the prosecution of John Doe 77's claims or dismiss them without prejudice establishes that John Doe 77 has failed to prosecute his claims.

While Ohio State is empathetic to any mental health issues John Doe 77 may be experiencing, his counsel have provided no details to justify the relief requested. Further, an

additional stay or a dismissal without prejudice would prejudice Ohio State in this bellwether trial approach for which all plaintiffs—including John Doe 77—advocated. For these reasons, Ohio State respectfully requests that the Court dismiss John Doe 77's claims **with** prejudice.

## I.      PROCEDURAL BACKGROUND.

John Doe 77's "opposition" brief omits the following relevant procedural background:

On February 20, 2024, the Court issued Case Management Order No. 1 ("CMO No. 1"), which set a deadline of March 29, 2024, for each plaintiff "to serve and produce to counsel for OSU a completed PFS[.]" *See* CMO No. 1 at ¶ 18 (ECF No. 28, PageID# 699).  At plaintiffs' counsels' request, the Court extended the March 29 deadline to May 31, 2024.  *See* March 4, 2024 Order at 4 (ECF No. 33, PageID# 863).

On May 31, 2024, John Doe 77's counsel provided to Ohio State's counsel a PFS for John Doe 77 that was both substantially incomplete and not verified.  Between May 31 and July 31, 2024, counsel for Ohio State sent John Doe 77's counsel numerous written notices of the delinquent and deficient PFS, and met and conferred regarding the same.  Notwithstanding these efforts, John Doe 77 failed to provide any corrections to his May 31, 2024 PFS.

On July 1, 2024, the Court issued Case Management Order No. 3 ("CMO No. 3"), which ordered the parties to "resolve perceived deficiencies in the fact sheets before July 31, 2024, and submit the final fact sheets to each other and to the Court[.]" *See* CMO No. 3 at 3 (ECF No. 45, PageID# 1036).  John Doe 77 made no attempt to resolve any of the deficiencies in the substantially incomplete and unverified PFS provided to Ohio State on May 31, 2024, and he did not submit a final fact sheet to Ohio State's counsel or the Court on July 31, 2024, as ordered.

On July 31, 2024, after having not received John Doe 77's completed and verified PFS, Ohio State filed a motion seeking an order to show cause why John Doe 77's claims should not be

dismissed with prejudice, pursuant to paragraph 10 of CMO No. 1. *See* Ohio State's Motion (ECF No. 55). Ohio State's motion advised that "[t]he PFS submitted by John Doe 77 on May 31, 2024 states John Doe 77 could not submit a complete and verified PFS at that time because he was undergoing unspecified medical treatment." *Id*. at 1 (PageID# 1087).

At the August 5, 2024 Court status conference, rather than oppose Ohio State's July 31, 2024 motion for an order to show cause, counsel for John Doe 77 requested an additional 15 days, or until August 20, 2024, to submit John Doe 77's completed and verified PFS to counsel for Ohio State. *See* Transcript of Aug. 5, 2024 Status Conference at 16:21-24 (ECF No. 40, PageID# 557 in *John Does 162* Case, Case No. 2:23-cv-02991). In response, counsel for Ohio State stated, "We have no objection to that." *Id*. at 17:1-2, PageID# 558. The Court granted the additional time requested by John Doe 77's counsel and allowed John Doe 77 until August 20, 2024, to submit a completed and verified PFS. *Id*. at 16:25, PageID# 557.

John Doe 77 did not provide a completed and verified PFS by the Court-ordered August 20, 2024 extended deadline. As a result, on August 23, 2024, Ohio State filed a notice of John Doe 77's failure to comply with the Court's August 5, 2024 Order. *See* Notice (ECF No. 68). On August 29, 2024, the Court issued an order to "show cause" by September 6, 2024, "why John Doe 77's claims should not be dismissed with prejudice for failure to prosecute." *See* Aug. 29, 2024 Order at 2 (ECF No. 71, PageID# 1162).

Rather than file a response to the Court's August 29, 2024 order to show cause as the Court directed, John Doe 77 filed an "Opposition to Defendant The Ohio State University's Motion to Dismiss John Doe 77 With Prejudice," which is the subject of this response brief (ECF No. 75). John Doe 77's "opposition" does not mention the Court's August 29, 2024 order to show cause. *Id*.

John Doe 77's opposition brief concedes that John Doe 77's PFS is not verified and is substantially incomplete, despite multiple extensions. *Id*. at 1, 3, 6-7 (PageID# 1192, 1194, 1197-1198). It asserts that John Doe 77 is undergoing a "mental health crisis," which purportedly occurred because of his attempting to fill out the PFS. *Id*. at 3 (PageID# 1194). The opposition brief provides no additional information about John Doe 77's health or prognosis. The opposition brief also states that John Doe 77 has had "sporadic and infrequent contact with his counsel and has been unable to actively participate in the litigation"; and his "counsel has been unable to meaningfully communicate with him much at all for the past several months." *Id*. at 1, 3 (PageID# 1192, 1194). The brief asks the Court to stay John Doe 77's claims for an additional six months to allow an opportunity for his mental health crises to subside. *Id*. at 3, 8 (PageID# 1194, 1199). In the alternative, the brief asks the Court to dismiss John Doe 77's claims without prejudice. *Id*. at 1, 8 (PageID# 1192, 1199).

## II.    DISCUSSION.

### A.    Legal Standards.

Regarding John Doe 77's request for a stay, "[t]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Burris v. Dodds*, No. 2:19-CV-815, 2023 WL 2607538, at *1 (S.D. Ohio Mar. 23, 2023) (Watson, J.) (quoting *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div*., 565 F.2d 393, 396 (6th Cir. 1977)). When considering whether to grant a stay, this Court evaluates the following factors:

> (1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court.

*Burris*, 2023 WL 2607538, at *1.

Regarding John Doe 77's alternative request for a dismissal without prejudice, this Court set out the relevant standard in its August 6, 2024 Opinion and Order denying John Doe 92's motion to dismiss without prejudice in the above-captioned case:

> Absent certain circumstances not present here, "an action may be dismissed at the plaintiffs request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether voluntary dismissals under Rule 41(a)(2) should be granted is "subject to the discretion of the district court." *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc*., 951 F.3d 769, 774 (6th Cir. 2020) (citations omitted). The purpose of requiring court approval is to "protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co*., 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). If the nonmovant would suffer "plain legal prejudice," and not just "the mere prospect of a second lawsuit," a court abuses its discretion by granting a dismissal without prejudice. *Id*. (citing cases).

> When analyzing whether "plain legal prejudice" exists, a court should consider the following:

>> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

> *Id*. (citation omitted).

Aug. 6, 2024 Opinion and Order at 1-2 (ECF No. 60, PageID# 1114-1115).

### B. A Stay Or A Dismissal Without Prejudice Would Significantly Prejudice Ohio State In This Bellwether Selection Process.

John Doe 77's opposition is similar to the motion of John Doe 92, who also did not submit a verified fact sheet and requested that the Court dismiss his claims without prejudice. *See* John Doe 92's Motion (ECF No. 47). The Court denied John Doe 92's request and directed him to either "participate in litigation" by submitting a PFS by August 20, 2024, or dismiss his claims *with* prejudice. *See* Aug. 6, 2024 Opinion and Order (ECF No. 60).[1] Underscoring the Court's

---

[1] The Court dismissed John Doe 92's claims with prejudice on September 9, 2024. *See* Order (ECF No. 76).

ruling were its findings that a dismissal without prejudice of John Doe 92's claims would be "hugely prejudicial" to Ohio State for the following reasons:

> [T]he effort and expense OSU has already put into preparing this case for litigation and, if necessary, trial is already extensive. These cases have already been litigated up to the Sixth Circuit and are moving forward at a fast and expensive pace for all parties involved. Importantly, Defendant will be prejudiced if John Doe 92 dismisses his claims without prejudice. This case has involved extensive mediation efforts and the settling of many claims. OSU faces liability on a great many more claims. It deserves to know the universe of its exposure when making litigation decisions such as whether to settle and which plaintiffs to select for bellwether trials. Without knowing the facts of John Doe 92's claims, OSU is left in the dark on both these issues. Additionally, great efficiency will be gained by consolidating discovery, briefing common issues together, and undergoing a single trial. To force OSU to potentially do all of that twice would be hugely prejudicial.

*Id*. at 2 (PageID# 1115).

The Court's reasoning regarding John Doe 92 applies equally to John Doe 77.  Whether a stay or a dismissal without prejudice is granted, the prejudice to Ohio State is the ***same***.  Either approach would allow John Doe 77 to excuse himself from the bellwether process, thereby altering the pool of eligible bellwether discovery and trial cases, while still maintaining the option to re-file his claims after the bellwether discovery and trial plaintiffs are selected and/or to pursue a settlement from Ohio State.  This would leave Ohio State "in the dark" regarding "the universe of its exposure when making litigation decisions such as whether to settle and which plaintiffs to select for bellwether trials." *Id*. Ohio State should not be forced to litigate "twice," and requiring it to do so "would be hugely prejudicial" to Ohio State.  *Id*.

### C. All Other Factors Weigh Heavily Against A Stay Or A Dismissal Without Prejudice.

In addition to the factors the Court discussed above, all other relevant factors weigh heavily against a stay or a dismissal without prejudice and in favor of dismissing John Doe 77's claims with prejudice.

**1. There is no need for a stay, and John Doe 77's counsel's explanation for a dismissal without prejudice is insufficient.**

As stated, Ohio State is empathetic to the "mental health crisis" John Doe 77 is apparently experiencing.  This, however, is not a sufficient reason to grant a stay or a dismissal without prejudice of John Doe 77's claims for several reasons.

First, counsels' characterization of John Doe 77's health status is vague.  John Doe 77's counsel provide no details, including John Doe 77's prognosis, and the opposition brief states that John Doe 77's medical provider has been unable to contact John Doe 77.  *See* Opposition at 5 (ECF No. 75, PageID # 1196).

Second, John Doe 77's counsel provide no facts suggesting that John Doe 77 requested a stay or a dismissal with prejudice, or that John Doe 77 would prosecute his claims later even if a stay were granted. Nor does it appear that John Doe 77's counsel could provide such facts, given counsels' representation that John Doe 77 has not been communicating with them for many months.  In fact, John Doe 77's failure to even communicate with his counsel strongly suggests that John Doe 77 does not ***want*** to litigate his claims.  At the very least, John Doe 77 has failed to meet his burden to establish that a stay is appropriate.

Third, as this Court has stated previously:

- The bellwether process that made use of PFS was "urged by Plaintiffs." *See* August 30, 2024 Order at 5 (ECF No. 72, PageID# 1167).

- "The Court warned Plaintiffs' counsel that moving forward with litigation would be retraumatizing" to plaintiffs. *See* May 24, 2024 Order (ECF No. 41).[2]

- "Plaintiffs have chosen to move forward with litigation, and their corresponding obligations are not subject to their picking and choosing." *See* Aug. 30, 2024 Order at 7 (ECF No. 72, PageID# 1169); and

---

[2] Ohio State notes that John Doe 77 was previously offered a settlement that would have resolved his claims against Ohio State without having to litigate them but refused to do so (as was his right).

The Fifth Circuit has similarly observed:

> When a plaintiff files any court case, [] sitting back is no option. He must be prepared to undergo the costs, psychological, economic and otherwise, that litigation entails. That the plaintiff becomes one of a mass of thousands pursuing particular defendants lends urgency to this reality. Courts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial. Any individual case may be selected as a bellwether, and no plaintiff has the right to avoid the obligation to proceed with his own suit, if so selected.

*In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010) (emphasis added) (affirming dismissal with prejudice of plaintiff in bellwether proceeding). The same obligations apply to John Doe 77, and they cannot be avoided.

> **2.      John Doe 77 has delayed and lacked diligence in prosecuting his claims.**

In denying John Doe 92's motion to dismiss without prejudice and ordering him to dismiss his claims with prejudice, this Court stated: "John Doe 92 failed to complete a fact sheet, the only request of him at this point, showing his lack of diligence in prosecuting this action." Aug. 6, 2024 Opinion and Order at 3 (ECF No. 60) (PageID# 1116). The same applies to John Doe 77 here.

CMO No. 1 expressly warns that failure to submit fact sheets may result in the dismissal of claims. *See* CMO No. 1 (ECF No. 28) at ¶¶ 9-10, PageID# 696. The Court is well-within its authority to dismiss with prejudice for a plaintiff's failure to prosecute his claims. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

John Doe 77 admits he has failed to provide a complete and verified PFS, in violation of three Court deadlines to do so:

(1) John Doe 77 did not complete and submit a completed and verified PFS by the extended Court-ordered May 31, 2024 deadline;

(2) John Doe 77 did not submit a completed and verified PFS to the Court that resolved all

deficiencies by the Court-ordered July 31, 2024 deadline; and

(3) John Doe 77 did not submit a completed and verified PFS by the further extended Court-ordered August 20, 2024 deadline (which his counsel requested), prompting the Court to issue a show cause order.

In addition to the above, John Doe 77 ***still*** has not submitted a completed and verified PFS as of the date of this filing (more than four months after it was originally due) and is not communicating with his counsel. This is a failure to prosecute. *See, e.g., Surgenor v. Moore*, No. 1:16-CV-1179, 2019 WL 5538482, at *3 (S.D. Ohio Oct. 25, 2019), *report and recommendation adopted*, 2019 WL 7290540 (S.D. Ohio Dec. 30, 2019) (dismissing case with prejudice for failure to prosecute where plaintiff abandoned the case by failing to communicate with his counsel and participate in court proceedings, and the court warned plaintiff his case could be dismissed); *Willis v. City of Cleveland*, No. 1:04CV1807, 2007 WL 1983694, at *3-4 (N.D. Ohio July 5, 2007), *report and recommendation adopted*, No. 1:04CV1807 (ECF No. 112) (dismissing with prejudice for failure to prosecute where plaintiff failed to comply with Court orders; failed to communicate with the Court; and was given notice his claims could be dismissed with prejudice pursuant to a show cause order).

Three times the Court has extended John Doe 77's deadline to submit a completed and verified PFS, and each time, John Doe 77 has failed to comply with the Court's order and is not communicating with his counsel. The Court warned in CMO No. 1 and in its August 29, 2024 show cause order that John Doe 77's claims could be dismissed with prejudice. As such, his claims should now be dismissed with prejudice.

### 3. The stage of the litigation weighs against a stay or a dismissal without prejudice.

The stage of this litigation weighs heavily against a stay or a dismissal without prejudice

of John Doe 77's claims. John Doe 77 concedes he "joined the litigation as a plaintiff in 2020"—more than 4 years ago. Opposition at 2 (ECF No. 75, PageID# 1193). Additionally, as the Court has recognized, Ohio State (and all parties) have put forth significant effort and expense in litigating, mediating, and settling claims, and the proceedings before this Court and the Sixth Circuit have been extensive. *See* Aug. 6, 2024 Opinion and Order at 2 (ECF No. 60, PageID# 1115). A "party has a right to a determination of its rights and liabilities without undue delay." *Burris*, 2023 WL 2607538, at *1 (quoting *Ohio Env't Council*, 565 F.2d at 396).

The litigation is at a critical bellwether stage, and as the Court stated, Ohio State "deserves to know the universe of its exposure when making litigation decisions such as whether to settle and which plaintiffs to select for bellwether trials." *See* Aug. 6, 2024 Opinion and Order at 2 (ECF No. 60, PageID# 1115). A stay or a dismissal without prejudice would defeat both objectives. They also would undermine any efficiency that would be achieved by "consolidating discovery, briefing common issues together, and undergoing a single trial," to the prejudice of Ohio State. *Id.*

### 4. A stay or a dismissal without prejudice would give John Doe 77 an unfair tactical advantage.

Not only would a stay or a dismissal without prejudice derail the Court's bellwether approach and cause prejudice to Ohio State, it also would give John Doe 77 a potentially unfair advantage over the hundreds of other Plaintiffs in this and the four other related cases. Like Ohio State, none of these Plaintiffs has consented to a stay or a dismissal without prejudice of John Doe 77's claims. *See In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, No. 19-MD-2879, 2021 WL 3883265, at *3, *6 (D. Md. Aug. 31, 2021) (dismissing plaintiff's claims in bellwether proceeding with prejudice "to maintain the orderly management of this MDL" and citing authorities that courts should "adopt rules that will minimize the risk that parties will attempt to 'game' the bellwether trial-selection process to result in test trials of cases that are not

10

representative of the entire case pool").

5.  **A stay would complicate the issues and increase the burden of litigation for all parties and the Court.**

As the Court found in denying John Doe 92's motion to dismiss without prejudice, "[T]he effort and expense OSU has already put into preparing this case for litigation and, if necessary, trial is already extensive." *See* Aug. 6, 2024 Opinion and Order at 2 (ECF No. 60, PageID# 1115). Allowing John Doe 77 to dismiss his claims without prejudice (or stay his claims) would complicate the issues and further increase the burden of litigation: "[G]reat efficiency will be gained by consolidating discovery, briefing common issues together, and undergoing a single trial. To force OSU to potentially do all of that twice would be hugely prejudicial." *See* Aug. 6, 2024 Opinion and Order at 2 (ECF No. 60, PageID# 1115).  It would also burden the Court for the same reasons.

Further, as Ohio State warned in its response to John Doe 92's motion to dismiss without prejudice, granting a dismissal without prejudice (or a stay) for John Doe 77 would set a precedent that could encourage other Plaintiffs to bypass the bellwether process and later seek to refile or settle their claims. *See In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d at 163 (stating that a dismissal without prejudice of a bellwether plaintiff's claims "would set a precedent that other plaintiffs could use to manipulate the integrity of the court's bellwether process" and affirming dismissal with prejudice); *see also Craddock v. FedEx Corp. Servs., Inc*., 102 F.4th 832, 839–40 (6th Cir. 2024) ("[D]ismissal with prejudice remains 'available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'") (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

This risk is particularly apparent now, given that numerous deficiencies remain in PFS that Plaintiffs have failed to correct. As a result, the Court has extended the September 3, 2024 deadline for the parties to select their bellwether discovery cases; entered orders directing Plaintiffs to correct those deficiencies; and warned that Plaintiffs' failure to do so could result in the dismissal of Plaintiffs' claims for failure to prosecute. *See* August 30, 2024 Order Granting Ohio State's Motion to Compel As To Question 46 in PFS (ECF No. 72); *see also* August 29, 2024 Order Granting Ohio State's Motion to Compel in *Knight* Case, Case No. 2:23-cv-02994 (ECF No. 49). Will Plaintiffs seek stays or dismissals without prejudice of their claims to avoid correcting their PFS? To deter that possibility at this critical bellwether stage of the proceedings, the Court should dismiss with prejudice the claims of all Plaintiffs who seek to stay or dismiss their claims, including John Doe 77.

In summary, all factors conclusively establish that John Doe 77 has not met his burden of establishing that a further stay or a dismissal without prejudice of his claims is appropriate. Rather, granting a stay or a dismissal without prejudice would cause significant prejudice to Ohio State and to all other Plaintiffs in this bellwether trial process.

John Doe 77's arguments and cited cases have already been rejected by the Court in its August 6, 20224 Opinion and Order denying John Doe 92's motion to dismiss without prejudice (ECF No. 60) and/or are inapposite. None of them involve the unique circumstances of this litigation, including among others:

(1) the bellwether approach to resolving these cases;

(2) a case management order like CMO No. 1 and a show cause order which expressly warned John Doe 77 that his claims could be dismissed with prejudice for failing to submit a fact sheet;

(3) the numerous extensions the Court has already given John Doe 77 to submit his fact sheet;

(4) the extensive litigation, alternative dispute resolution, and collateral proceedings that have occurred since this litigation began more than six years ago;

(5) the parties' and the Court's substantial expenditures of time and resources on these cases;

(6) the failure of John Doe 77 and his counsel to provide information about John Doe 77's condition and prognosis and whether he wishes to continue litigating his claims; and

(7) a significantly delayed request by a Plaintiff (here, John Doe 77) and/or his counsel to stay or dismiss his claims without prejudice six years after the litigation began and four years after he filed his claims. For all of the above reasons, John Doe 77 has failed to meet his burden entitling him to the relief his counsel requests.

## III.   CONCLUSION.

For all of the above reasons, Ohio State respectfully requests that the Court deny John Doe 77's requests for a stay or a dismissal without prejudice of his claims and dismiss John Doe 77's claims *with* prejudice.

Respectfully submitted,

DAVE YOST
ATTORNEY GENERAL OF OHIO

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215

13

Phone: (614) 365-4100
Fax: (614) 365-9145
E-mail:carpenter@carpenterlipps.com
            bricker@carpenterlipps.com
            beekhuizen@carpenterlipps.com
            barthel@carpenterlipps.com

*Special Counsel for Defendant*
*The Ohio State University*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing was filed electronically on October 11, 2024.  Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.  The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter

Michael H. Carpenter

*Trial Attorney for Defendant The Ohio State University*

15