## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Edward Gonzales, *et al.*,**

      **Plaintiffs,**

      **v.**

**The Ohio State University,**

      **Defendant.**

          **Case No. 2:23-cv-3051**

          **Judge Michael H. Watson**

          **Magistrate Judge Deavers**

### ORDER

Defendant's motion to dismiss with prejudice John Doe 77's claims, for failure to prosecute, remains pending.  Mot., ECF No. 55.  John Doe 77's counsel asks the Court to stay John Doe 77's claims for six months or to dismiss the same without prejudice.  Brief, ECF No. 75.  Defendant opposes a stay and dismissal without prejudice.  Resp., ECF No. 81.

The plaintiff fact sheets were originally due on March 29, 2024.  Case Mgmt. Order No. 1 at 8, ECF No. 28.  On the request of Plaintiffs' counsel, the Court extended that deadline to May 31, 2024.  Order 4, ECF No. 33.  Several days before that deadline, John Doe 77's mental health care provider sent John Doe 77's counsel a letter stating that **[REDACTED]**.  The letter does not offer an opinion as to when John Doe 77 would be able to complete the PFS, let alone when John Doe 77 would be able to sit for deposition or trial testimony.

Plaintiffs requested a group-wide extension of time to submit the PFSs, stating the "re-traumatization has slowed down Plaintiffs' ability to produce complete and accurate fact sheets for all 235 plaintiffs."  Mot., ECF No. 39.  As such, Plaintiffs

requested a blanket extension for all Plaintiffs until July 1, 2024. *Id.* The Court denied that request, noting that the Court "warned Plaintiffs' counsel that moving forward with litigation would be retraumatizing, and counsel should have planned accordingly to complete the fact sheets on time." Order, ECF No. 41.

The PFS deadline came and went, and, although most Plaintiffs submitted a PFS by that deadline, John Doe 77 was among those who did not. Defendant therefore moved for dismissal of John Doe 77's (and other's) claims on July 31, 2024. Mot., ECF No. 55. During an oral status conference, the Court granted John Does 77 and 92 until August 20, 2024, to complete their PFSs. 8/5/24 Tr. 9:8–13, 16:21–25, ECF No. 64. Notably, they both failed to do so, Reply, ECF No. 68, and the Court eventually dismissed with prejudice John Doe 92's claims for failing to submit a PFS, Order, ECF No. 76.

It has thus now been more than seven months since the PFSs were originally due, and all Plaintiffs but John Doe 77 have either submitted a PFS or had their claims dismissed with prejudice.

The Court has the utmost sympathy regarding the fact that completing a PFS is triggering for John Doe 77. Indeed, the Court has been particularly mindful of the potential for re-traumatization and has more than once shared its concerns with counsel. Significantly, John Doe 77 is not the only Plaintiff for whom completing the PFS has been traumatizing. *See, e.g.*, 8/5/24 Tr. 10:13-11:6, ECF No. 64 (one of Plaintiffs' counsel explaining how his client was "really struggling right now with answering some of the questions. We get about

halfway through and then he has to get off the phone because he can no longer talk due to weeping[.]").   And, the backdrop of the requested stay bears note. Plaintiffs, presumably with counsels' thoughtful guidance, have chosen to litigate this case.  The Court trusts, then, that this guidance has included honest discussions about the mental fortitude required for meaningful participation going forward—a fortitude required of every litigant and for which, in the interest of fairness, exceptions simply cannot be made.  Here, in particular, the Court expects that counsel has not acted to create expectations ungrounded in the stark reality of the litigation process.

Moreover, the parties have requested that this case and its companion cases proceed much like an MDL.  Accordingly, it is imperative for judicial efficiency that these cases proceed together.  For this reason, the Court has denied other requests to stay or dismiss without prejudice.  And, undoubtedly, in the interest of fairness, OSU has a right to consider John Doe 77's allegations in deciding whether to designate him as a Discovery Plaintiff.  Importantly, these fairness concerns extend to the other Plaintiffs as well.  Surely, remaining in this litigation also has been re-traumatizing for them.  As a practical matter, however, the Court cannot begin staying multiple Plaintiffs' claims.  That simply would defeat the purpose of proceeding in unison.   In short, staying John Doe 77's case sets a precedent.  What about a Plaintiff who claims that they are not emotionally capable of being deposed?  The efficiencies of the parties' chosen

process would be lost the minute the Court begins treating Plaintiffs differently from one another.

Also of great concern to the Court is the fact that, despite counsel's request for a six-month stay, he is unable to provide any assurance that John Doe 77's mental health crisis will subside in that time. In fact, the circumstances he describes suggest the unlikeliness that such a stay would be sufficient to permit meaningful participation. *See* Resp, 1, ECF No. 75 ("[C]ounsel has been unable to meaningfully communicate with him much at all for the past several months."); *id*. at 5 (Plaintiff's counsel has only had sporadic and infrequent contact with Plaintiff and Plaintiff's medical provider has also been unable to contact Plaintiff."). This absence of confidence that an additional six months will result in any resolution sufficient to allow John Doe 77 to move forward with this litigation weighs against the utility of a stay.

For these reasons and the reasons discussed at the October 17, 2024, teleconference, Plaintiff's request to stay John Doe 77's case or dismiss his case without prejudice is **DENIED**. If Plaintiff's counsel does not settle his claims or submit a complete PFS for John Doe 77 by **January 3, 2025**, the Court will dismiss his claims with prejudice but with each party bearing its own costs.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**