IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Edward Gonzales**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:23-CV-3051 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | |
| **The Ohio State University,** | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendant | : | |

## NON-PARTY BOBBY DOUGLAS' MOTION TO QUASH THE SUBPOENA TO PRODUCE DOCUMENTS AND THE SUBPOENA TO TESTIFY AT A DEPOSITION

Non-Party Bobby Douglas, by and through undersigned Counsel, pursuant to Rule 45(d)(3)(A)(ii) and (iv) of the Federal Rules of Civil Procedure, hereby moves this Court to quash the Subpoena to Produce Documents and the Subpoena to Testify at a Deposition propounded upon Bobby Douglas on or about June 5, 2025. A Memorandum in Support is attached hereto.

Respectfully submitted,

/s/ *Jeffrey T. Perry*
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
(614) 668-8442 telephone
(614) 675-2210 facsimile
*jeff@campbellperrylaw.com*

*Attorney for Non-Party*
Bobby Douglas

1

## MEMORANDUM IN SUPPORT

### I. ISSUANCE OF SUBPOENAS

On or about June 5, 2025, Attorney Sarah T. Bradshaw of Sharp Law, LLP, 4820 West 75th Street, Prairie Village, Kansas 66208, issued two subpoenas to Non-Party Bobby Douglas ("Mr. Douglas"). In the first subpoena, Attorney Bradshaw subpoenaed the following documents to be delivered by June 27, 2025:

1. All documents and communications between you (including your agents or counsel) and anyone concerning Dr. Richard Strauss.

2. All documents and communications concerning the Perkins Coie Investigation, the Perkins Coie Report, or any other investigation concerning Dr. Strauss.

3. All documents and communications concerning the Actions or any other litigation concerning Dr. Strauss.

4. All communications with Dr. Richard Strauss (including his agents or counsel).

5. All communications with any victim of Dr. Richard Strauss's.

6. All documents and communications concerning any of the named Plaintiffs in the Actions.

7. All documents and communications concerning anyone you know to be a current or former Plaintiff in litigation against OSU about Dr. Richard Strauss, whether named or John Doe.

8. All documents and communications concerning any former OSU student who was subjected to sexual assault, sexual abuse, sexual harassment, sexual touching or voyeurism.

9. Your most recent resume or CV.

(Subpoena to Produce Documents, attached hereto as Exhibit 1). Attorney Bradshaw also issued a subpoena for Mr. Douglas to be deposed on October 14, 2025 at 2727 Tuller Parkway, Suit 140, Dublin, Ohio 43017. (Deposition Subpoena, attached hereto as Exhibit 2).

2

II.   **STATEMENT OF FACTS RELATED TO PETITIONER**

Jackie Douglas ("Ms. Douglas"), Mr. Douglas' wife, provided an affidavit that Mr. Douglas suffers from severe dementia. (Jackie Douglas, ¶ 4, attached hereto as Exhibit 3). According to Ms. Douglas, Mr. Douglas' physician recommended that he be placed in a nursing home due to his severe dementia approximately five years ago. (*Id.*, Ex. 3). The cost was more than Mr. and Ms. Douglas could afford, so Ms. Douglas cares for Mr. Douglas around the clock at home. (*Id.* at ¶¶ 4, 5, Ex. 3). In addition, Ms. Douglas cares for their 57-year-old mentally challenged son who has had multiple strokes and is bedridden. (*Id.* at ¶ 3, 5, Ex. 3).

III.  **LAW AND ARGUMENT**

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Rule 45 permits parties in legal proceedings to "command" a non-party to attend a deposition or produce documents. Fed. R. Civ. P. 45(a)(1). Upon a timely motion to quash the subpoena, a court "must quash or modify a subpoena" that, among other provisions, requires a person to travel more than "100 miles of where the person resides, is employed, or regularly transacts business in person" or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(1)(A) and (d)(3)(A). Whether a subpoena imposes an "undue burden" ultimately depends on the facts before the court and "turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citation omitted). Nonetheless, "[i]f any documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing." *F.T.C. v.*

3

*Trudeau*, No. 5:12-MC-35, 2012 U.S. Dist. LEXIS 160545, 2012 WL 5463829, at *2 (N.D. Ohio Nov. 8, 2012) (citation omitted).

Courts in the Sixth Circuit "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted). As such, a court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, No. 1:11-CV-2074, 2012 U.S. Dist. LEXIS 7275, 2012 WL 187979, at *2 (N.D. Ohio Jan. 23, 2012) (citing Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii)). In addition, "'the status of a person as a non-party is a factor that weighs against disclosure.'" *Vietnam Veterans of America v. C.I.A.*, No. 2:11-MC-16, 2011 U.S. Dist. LEXIS 115802, 2011 WL 4714000, at *5 (S.D. Ohio 2011) (quoting *American Elec. Power Co., Inc. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (additional citations omitted). "The Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request." *Bricker v. R & A Pizza, Inc.*, No. 2:10-CV-278, 2011 U.S. Dist. LEXIS 55324, 2011 WL 1990558, at *2 (S.D. Ohio May 23, 2011).

The subpoena to appear at a deposition should be quashed because it is directed at Mr. Douglas who is more than 100 miles from the place where the deposition will take place in Dublin, Ohio. According to Google maps, the trip from Ames, Iowa, where Mr. Douglas resides, to Dublin,

4

Ohio, where the deposition is scheduled to take place, is more than 600 miles. (https://maps.app.goo.gl/NzVMMZLxb9Jt3VjA9, accessed July 1, 2025). The subpoena to attend the deposition should be quashed pursuant to Fed. R. Civ. P. 45(c)(1)(A).

The subpoena to attend the deposition and produce documents should also be quashed pursuant to Rule 45(d)(3)(A) because it poses an undue burden on Mr. Douglas, who has severe dementia, as testified to by Ms. Douglas in her affidavit. (Jackie Douglas Affidavit, ¶¶ 4, 6, Ex. 3). Given Ms. Douglas' role as caregiver to her adult son and Mr. Douglas, the subpoenas also pose an undue hardship on Ms. Douglas. (*Id.* at ¶¶ 8, 9, Ex. 3).

Finally, the subpoena to attend the deposition should be quashed because Mr. Douglas will be unable to provide any relevant testimony given his severe dementia. (Jackie Douglas Affidavit, ¶ 10, Ex. 3).

### IV. CONCLUSION

Based on the foregoing, Non-Party Bobby Douglas respectfully requests this Court to quash the subpoenas propounded to Petitioner.

Respectfully submitted,

/s/ Jeffrey T. Perry
Jeffrey T. Perry (0088989)
CAMPBELL PERRY, LLC
7240 Muirfield Drive, Suite 120
Dublin, OH 43017
(614) 668-8442 telephone
(614) 675-2210 facsimile
*jeff@campbellperrylaw.com*

*Attorney for Non-Party*
Bobby Douglas

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11'th day of July, 2025, a copy of the foregoing was filed with the Clerk of Courts by using the ECF System, which will send a notice of electronic filing to all parties indicated on the electronic filing receipt, pursuant to Civ.R. 5(B)(2)(f). All other parties will be served by regular US Mail, postage prepaid pursuant to Civ.R. 5(B)(2)(c).

/s/ Jeffrey T. Perry
Jeffrey T. Perry
Supreme Court No.:  0088989

*Attorney for Non-Party*
Bobby Douglas