# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| STEVE SNYDER-HILL, et al., | Case No. 2:23-cv-02993 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |
| WILLIAM KNIGHT, et al., | Case No. 2:23-cv-02994 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |
| EDWARD GONZALES, et al., | Case No. 2:23-cv-3051 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE ON NON-PARTY LESLIE WEXNER

Although Plaintiffs do not believe that Ohio State has standing to oppose their request

regarding subpoena service of a third-party, Plaintiffs do believe that it is necessary to reply to

OSU's brief (and largely unsupported) Response against Plaintiffs' Motion for Alternative Service

on Non-Party Leslie Wexner (ECF No. 144). Beyond the threshold issue of standing, Ohio State's

arguments woefully fail to engage with the case law presented by Plaintiffs that justify alternative service. Because no persuasive reasons have been properly presented to the Court against Plaintiffs' Motion, the Court should allow Plaintiffs to serve Mr. Wexner using the alternative means described in their Motion.

**I.      No party has properly objected to Plaintiffs' Motion because Ohio State lacks standing to contest this motion.**

Only one party responded to Plaintiffs' Motion: Defendant Ohio State. Mr. Wexner has not filed a response. But "a party does not have standing to challenge a subpoena issued to a non-party." *Hi-Vac Corp. v. Coley*, 2025 WL 286490, at *4 (S.D. Ohio Jan. 24, 2025). As such, a Court can ignore a party's arguments against a subpoena-related motion. *Bush Truck Leasing, Inc. v. All Ways Auto Transp., LLC*, 2023 WL 3996189, at *2 (S.D. Ohio June 14, 2023); *see also Wells Fargo Bank NA v. Wyo Tech Inv. Group LLC*, 2019 WL 3208114, at *1 n.1 (D. Ariz. July 16, 2019) (declining to consider objections from a party to a motion for alternative service of a nonparty subpoena). Standing "is a threshold issue which the Court must consider before addressing the merits of" a party's challenges to a subpoena issued to a nonparty. *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013).

The only way that a party can challenge a subpoena issued to a non-party is by identifying "some personal right or privilege…." *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (Table), 1997 WL 280188, at *4 (6th Cir. 1997) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (1995)) (internal quotation marks omitted). But the party bears the "heavy burden" to establish such an interest or privilege. *Tera II, LLC v. Rice Drilling D, LLC*, 2022 WL 1114943, at *2 (S.D. Ohio Apr. 14, 2022). "To meet that heavy burden, the movant must make more than 'conclusory' assertions of an interest or privilege." *Id.* (quoting *Hamm v. Cunningham*, 2012 WL 13027079, at *1 (N.D. Ohio May 16, 2012)).

Ohio State does not and cannot show any interest or privilege that would give it standing to object to Plaintiffs' request to serve Mr. Wexner through alternative means. Indeed, it acknowledges that Mr. Wexner is represented by different counsel and states that it opposes Plaintiffs' motion "on its own behalf…." OSU Resp., ECF No. 146 at PageID 1715. It then skips over the next crucial step of identifying why it can oppose Plaintiffs' motion. As such, it fails to carry its "heavy burden" to justify standing to argue against a motion directed to a non-party. The Court should ignore its arguments.

**II.     Even if Ohio State had standing to contest this Motion, it provides no persuasive reason to deny it.**

Even if the Court considers Ohio State's arguments, they are unpersuasive. As explained in Plaintiffs' Motion, Plaintiffs seek an order from the Court that would allow them to use non-personal service to serve a subpoena on Mr. Wexner. *See* Pls.' Mot., ECF No. 144 at PageID 1669. They recognize the differing conclusions on whether Rule 45 requires personal service of a subpoena and seek to avoid this unsettled question by asking the Court's permission first to use alternative means—*i.e.*, non-personal service—to serve Mr. Wexner in line with well-established case law from district courts in the Sixth Circuit. *See OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011). Plaintiffs listed their efforts to serve Mr. Wexner and proposed ways of serving him that are "reasonably calculated to achieve actual delivery." *Id.*

Ohio State fails to undermine this request. Initially, it claims Plaintiffs are "contraven[ing]" Rule 45 without engaging with any of the cases in Plaintiffs' Motion. *See* OSU Resp., ECF No. 146 at PageID 1715. It then jumps the gun and discusses the relevance of Mr. Wexner's testimony and the alleged prejudice that might arise with his deposition—issues that may be addressed if Mr. Wexner chooses to move to quash the subpoena once he is served. *See id.* at PageID 1715–16. Ohio State notably omits any arguments against (1) Plaintiffs' diligence in attempting to personally

serve Mr. Wexner multiple times and (2) Plaintiffs' proposal on how to serve Mr. Wexner. In short, Ohio State identifies no basis to deny Plaintiffs' Motion to use alternative means to serve Mr. Wexner.

### A. Ohio State ignores the plethora of cases allowing for non-personal service.

Ohio State's first argument shows how little effort it put into its Response. It begins with an incorrect statement: "the language of Fed. R. Civ. P. 45 is **unambiguous** in its requirements relating to service of a subpoena…." OSU Resp., ECF No. 146 at PageID 1715 (emphasis added). As this Court has recognized, Rule 45 does not clearly articulate how to properly serve a subpoena. *See Powell v. Time Warner Cable, Inc.*, 2010 WL 5464895, at *3 (S.D. Ohio Dec. 30, 2010) (Deavers, M.J.) ("The Sixth Circuit has not yet passed on whether Rule 45 requires personal service of a subpoena. District courts considering the issue have reached differing conclusions."). This ambiguity is so noteworthy that the Rules Committee has proposed amending Rule 45 to clarify the service requirements. Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Request for Comments on Proposed Amendments to Federal Rules and Forms* 55–59 (2025).

Perhaps recognizing this ambiguity, Ohio State never explicitly states that Rule 45 requires personal service (although it appears to believe that Rule 45 requires personal service). *See* OSU Resp., ECF No. 146 at PageID 1715 ("The Court should not issue an order that contravenes the plain language of Rule 45, as [P]laintiffs are requesting."). Instead, it repeats Rule 45's language, which (unhelpfully) provides, "Serving a subpoena requires **delivering** a copy to the named person…." Fed. R. Civ. P. 45(b)(1)) (emphasis added). Ohio State does not elaborate on why this language requires personal service or provide any on-point authority. *Cf. Powell*, 2010 WL 5464895, at *3 (adopting a broader view of Rule 45's service requirements because "the drafters knew how to indicate a personal service requirement, but chose not to do so in Rule 45").

But the Court doesn't need to spend time on this dispute—although it has held that personal service is not necessary "so long as [the service method] reasonably insures actual receipt." *Id.* Here, Plaintiffs argue that, regardless of what Rule 45 normally requires, courts can authorize non-personal service if the movant "demonstrates an inability to effectuate service after a diligent effort." *OceanFirst Bank*, 794 F. Supp. 2d at 754. Ohio State does not even mention this case or any of the other cases cited in Plaintiffs' Motion adopting this reasoning in its Response. *See, e.g.*, *Jones v. St. Clair Cty.*, 2025 WL 1242864, at *1 (E.D. Mich. Apr. 29, 2025); *Taylor v. Smith*, 2024 WL 5049262, at *2 (E.D. Mich. Dec. 9, 2024). The Court should follow this well-reasoned line of cases.

### B.  Ohio State's relevance and prejudice arguments are premature.

Ohio State's final two arguments raise issues that are irrelevant to deciding whether to allow alternative service. Specifically, it argues about the relevance of Mr. Wexner's testimony. *See* OSU Resp., ECF No. 146 at PageID 1715. It also complains that Plaintiffs are using this subpoena to improperly sway a future jury. *Id.* at PageID 1716. As noted in Plaintiffs' Motion, Mr. Wexner's position as the Board of Trustees President while Ohio State employed Dr. Strauss and—perhaps most critically—when Ohio State quietly removed Dr. Strauss as a university physician and allowed him to retire with honor (after student complaints of sexual abuse) clearly establish relevance. And, as Plaintiffs have previously noted, *voir dire* is the preferred solution to ensure publicity does not undermine the parties' right to a fair trial. *See Snyder-Hill v. The Ohio State Univ.*, Case No. 23-2993, Pls.' Reply to Def.'s Resp. Regarding July 17, 2025 Notice, ECF No. 125 at PageID 2332–33.

But these issues are ones that the Court should not address when ruling on Plaintiffs' discrete request regarding service of a subpoena. The relevance and propriety of Mr. Wexner's testimony have nothing to do with the diligence used by a party when trying to personally serve a

non-party with a subpoena. That discussion is better addressed if and when Mr. Wexner chooses to move to quash the subpoena.[1] Ohio State cites no case law holding that these considerations are relevant to deciding whether to allow non-personal service. Emphasizing this point, the only case cited by Ohio State in its entire brief, *Easter v. Beacon Tri-State Staffing, Inc.*, addressed a Motion to Quash where no service arguments were raised. *See generally*2017 WL 5126153 (S.D. Ohio Oct. 17, 2017). As such, these arguments provide no basis to deny Plaintiffs' Motion.

### C. Ohio State never rebuts Plaintiffs' diligence or proposed service methods.

Ignoring Ohio State's misplaced arguments allows the Court to focus on the actual issue before it: (1) whether Plaintiffs have established diligence in attempting to serve Mr. Wexner personally and (2) whether Plaintiffs' proposed alternative service methods are "reasonably calculated to achieve actual delivery." *OceanFirst*, 794 F. Supp. 2d at 754. Plaintiffs have met both requirements.

Plaintiffs' Motion cites the numerous attempts that they tried to personally serve Mr. Wexner. Specifically, Plaintiffs have:

- Sent a private process server to his residence (Mr. Wexner's security refused to allow the process server to personally serve Mr. Wexner);

- Asked his attorney to accept service and informed him about the general topics that they intend to cover (his attorney refused service); and

- Asked the sheriff's office to serve him (Mr. Wexner's security again refused the deputy sheriff access to personally serve Mr. Wexner).

---

[1] As noted above, Ohio State has no standing to make these arguments for Mr. Wexner. *See Schaumleffel v. Muskingum Univ.*, 2019 WL 3071851, at *3 (S.D. Ohio July 15, 2019) ("The law is clear that only…the party responding to the subpoena[] has standing to argue undue burden or relevance.").

Pls.' Mot., ECF No. 144 at PageID 1668.

These efforts are more than sufficient to establish diligence.[2] *See Jones*, 2025 WL 1242864, at *1. Ohio State never argues otherwise.

Plaintiffs also have a plan to serve Mr. Wexner in a way that is "reasonably calculated to achieve actual delivery." *OceanFirst*, 794 F. Supp. at 754. Specifically, Plaintiffs propose serving Mr. Wexner by:

(a)     Leaving a copy of the subpoena and the Court's forthcoming order on this Motion with his security personnel;

(b)     Mailing a copy of the subpoena and the Court's forthcoming order on this Motion to his address through first-class mail; and

(c)     Emailing a copy of the subpoena and the Court's forthcoming order on this Motion to Mr. Wexner's counsel, Mr. Zeiger.

Pls.' Mot., ECF No. 144 at PageID 1668.

These methods are "reasonably calculated to insure delivery." *See Jones*, 2025 WL 1242864, at *1. Again, Ohio State fails to object to these proposed methods. So, it has waived any ability to challenge Plaintiffs' diligence or their proposed alternative service means. *Ohio Star Transp. LLC v. Roadway Express, Inc.*, 2010 WL 3666982, at *3 (S.D. Ohio Sept. 14, 2010) (Watson, J.).

*     *     *

---

[2] Indeed, these efforts match the service efforts made by the government, as Plaintiff, when it was trying to serve Mr. Wexner with a subpoena related to the financial dealings of Jeffrey Epstein's trafficking enterprise. *See U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*, No. 22-10904, ECF No. 52 at 2–3 (S.D.N.Y. Feb. 21, 2023). There, the Court granted the plaintiff's request to serve Mr. Wexner via certified mail. *Id.* at 1.

7

Ohio State's response falls woefully short of showing any reason to deny Plaintiffs' Motion. It has no standing to raise its arguments and, even if it did, OSU misses the point. Plaintiffs have demonstrated the necessary diligence to serve Mr. Wexner using alternative means using the methods described in Section II.C., which are reasonably calculated to ensure actual notice. As such, the Court should grant Plaintiffs' Motion for Alternative Service on Non-Party Leslie Wexner (ECF No. 144).

Dated: December 23, 2025

Respectfully submitted,

/s/ Sarah *T. Bradshaw*
Rex A. Sharp
Sarah T. Bradshaw
Nathan A. Kakazu
Bradley Thomas
Emma M. Herold
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
Phone: (913) 901-0505
Fax: (913) 261-7564
rsharp@midwest-law.com
sbradshaw@midwest-law.com
nkakazu@midwest-law.com
bthomas@midwest-law.com
eherold@midwest-law.com

Simina Vourlis (0046689) (Trial Attorney)
The Law Offices of Simina Vourlis
856 Pullman Way
Columbus, OH 43212-3860
Phone: (614) 487-5900
Fax: (614) 487-5901
Email: svourlis@vourlislaw.com

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
Phone: 619-295-0035

Fax: 619-295-0172
steve@estey-bomberger.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Phone: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
Phone: (610) 200-0580
Fax: (610) 421-1326
jgs@sstriallawyers.com

Counsel for the *Gonzales* Plaintiffs (*Gonzales, et al.*, Case No. 2:23-cv-3051)

SCOTT ELLIOTT SMITH, LPA
Scott E. Smith (0003749)
5003 Horizons Drive, Suite 100
Columbus, Ohio 43220
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestriallaw.com

Ilann M. Maazel (admitted pro hac vice)
Debra L. Greenberger (admitted pro hac vice)
600 Fifth Avenue
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com

Adele P. Kimmel (admitted pro hac vice)
Alexandra Brodsky (admitted pro hac vice)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite
630 Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

9

Counsel for the *Snyder-Hill* Plaintiffs (*Snyder-Hill, et al.*, Case No. 2:23-cv-02993)

J.C. Ratliff (0027898)
Rocky Ratliff (0089781)
200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile: 740.383.2066
attorney.ratliff@gmail.com
attorneyrockyratliff@gmail.com

Counsel for the *Knight* Plaintiffs (*Knight, et al.* Case No. 2:23-cv-02994)

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on December 23, 2025. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ *Sarah T. Bradshaw*
Sarah T. Bradshaw

Counsel for the *Gonzales* Plaintiffs (*Gonzales, et al.*, Case No. 2:23-cv-3051)