UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVE SNYDER-HILL, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2993
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

WILLIAM KNIGHT, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2994
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

EDWARD GONZALEZ, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-3051
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## **ORDER**

This matter is before the Court on Plaintiffs' Motion for Alternative Service on Non-Party Leslie Wexner. (ECF No. 144.)[1] Defendant, The Ohio State University ("OSU") has filed a response opposing Plaintiffs' request and Plaintiffs have filed a reply. (ECF Nos. 146, 147.) For the following reasons, Plaintiffs' Motion is **GRANTED**.

## I.

The background of this case is well-known and will not be repeated here. Also well-known is Mr. Wexner's biography. Accordingly, the Court similarly declines to reiterate that here. For purposes of the current Motion, Plaintiffs assert that Mr. Wexner served on the Ohio State Board of Trustees from 1988 through 1997, a time coinciding with the tenure and removal of Dr. Richard Strauss as a physician at OSU, including the disciplinary hearings and nonrenewal of Dr. Strauss's employment contract in 1996. According to their Motion, Plaintiffs have sought to obtain Mr. Wexner's deposition testimony by way of a subpoena but, to date, their efforts at service have been unsuccessful.

Specifically, Plaintiffs explain that they have made multiple attempts to serve Mr. Wexner. For example, prior to attempting personal service, Plaintiffs reached out to Matthew Zeiger of Zeiger, Tigges & Little LLP, counsel for Mr. Wexner, asking if he would accept service of Mr. Wexner's deposition subpoena. (ECF Nos. 144-2; 144-5.) Mr. Zeiger did not accept that proposal. (ECF No. 144-4; *see also* 144-6.) Beyond this, Plaintiffs made various attempts to personally serve Mr. Wexner. First, they attempted service at Mr. Wexner's New Albany residence via a process server. (ECF No. 144-7.) According to the Affidavit of Nonservice, the process server reported that Mr. Wexner's security personnel were "unwilling to

---

[1] Document citations are to the filings in *Gonzales v. The Ohio State University*, Case No. 23-cv-3051.

2

accept service or entry." (*Id.*) Second, Plaintiffs attempted service by having the process server wait outside a meeting of the OSU Board of Trustees on September 23, 2025, from 3:30 PM to 5:30 PM. (*Id.*) Representatives at the meeting informed the process server that Mr. Wexner no longer attends those meetings. (*Id.*) Finally, Plaintiffs utilized the Franklin County Sheriff's Department. (ECF No. 144-8.) The Sheriff's two service attempts at Mr. Wexner's residence were unsuccessful. (*Id.*)

Citing these efforts, Plaintiffs contend that they diligently have attempted to serve Mr. Wexner such that alternative means of service are appropriate. By way of alternative means, Plaintiffs propose serving Mr. Wexner by:

(a) Leaving a copy of the subpoena and the Court's forthcoming order on this Motion with his security personnel;

(b) Mailing a copy of the subpoena and the Court's forthcoming order on this Motion to his address through first-class mail; and

(c) Emailing a copy of the subpoena and the Court's forthcoming order on this Motion to Mr. Wexner's counsel, Matthew Zeiger.

(ECF No. 144 at 6.) These methods, in Plaintiffs' view are reasonably calculated to insure delivery.

OSU has filed a response objecting to Plaintiffs' request for personal service. According to OSU, Fed.R.Civ.P. 45 is unambiguous in its requirements of delivery of a subpoena to the named person and Plaintiffs' request for alternative service directly contravenes the requirements of that Rule. Beyond this, OSU also challenges any notion that Mr. Wexner may have any specific information "relevant to any party's claim or defense in this litigation." (ECF No. 146 at

3

2; *see also* Fed.R.Civ.P. 26.) Finally, OSU contends that Plaintiffs are seeking to depose Mr. Wexner as part of their ongoing and prejudicial efforts to try their cases in the court of public opinion.

In reply, Plaintiffs point out that OSU has no standing to challenge a subpoena to a non-party under the circumstances here. Moreover, Plaintiffs contend, even if OSU has standing, OSU provides no basis for denying the Motion seeking alternative service. According to Plaintiffs, OSU does not challenge the diligence of Plaintiffs' efforts or whether Plaintiffs' proposed alternative service methods are reasonably calculated to achieve actual delivery. Further, Plaintiffs argue that OSU has provided no support for its apparent belief that Rule 45 requires personal service of a subpoena. Finally, Plaintiffs assert that OSU's relevance and prejudice arguments are premature.

## II.

"Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "The word 'delivering' is not defined in the Rules." *Keep on Kicking Music, Inc. v. UMG Recordings, Inc.*, No. 23-CV-4400 (JPO) (BCM), 2025 WL 1905090, at *1 (S.D.N.Y. July 10, 2025). To be sure, some district courts in this Circuit have interpreted Rule 45(b) as expressly requiring personal service such that there is no allowance for service by alternative means. *See, e.g., Exp. Dev. Canada v. SDR Grp., Inc.*, No. 19-11536, 2020 WL 1888825, at *1 (E.D. Mich. Apr. 16, 2020) (acknowledging express requirement but nonetheless permitting alternative service in the "interest of facilitating the just, speedy, and inexpensive resolution" of the matter); *see also Ali Arkan El Siblani Tr. v. Jamkin Consulting, Inc.*, No. 24-CV-11481, 2025 WL 3094143, at *2 (E.D. Mich. Nov. 4, 2025) (acknowledging that "[c]ourts are divided on

whether Rule 45 requires personal service upon the named individual" but granting motion for alternative service). Nevertheless, courts frequently have held that Rule 45 also permits service by alternate means. *Ali Arkan; see also Nixon v. Jimenez*, No. 2:23-CV-11547, 2025 WL 3496210, at *1 (E.D. Mich. Dec. 5, 2025).

Courts permit service by alternative means when a "party seeking evidence demonstrates an inability to effectuate service after diligent effort." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011); *see also Brow Art Mgmt., LLC v. Idol Eyes Franchise, LLC*, No. 23-cv-11434, 2024 WL 3851585, at *1 (E.D. Mich. Aug. 16, 2024) (citing *OceanFirst Bank*, 794 F. Supp. 2d at 754). If such diligence is shown, the moving party must also demonstrate that the requested alternative means are "reasonably calculated to achieve actual delivery." *Nixon*, 2025 WL 3496210, at *1 (citing *OceanFirst Bank*). Upon these showings, courts have found various alternative means of service allowable. Such alternative means have included "first class mail to the actual address of the intended recipient," service on an individual over the age of fifteen residing with the intended recipient; and service via electronic or telephonic communication to the intended recipient. *Nixon; Ali Arkan*, 2025 WL 3094143, at *2; *Export Development Canada*, 2020 WL 1888825, at *2. Other methods found to be acceptable have included service by certified mail (return receipt requested) on the intended recipient and securely affixing a copy of the subpoena and authorizing order on the front door of the intended recipient's address. *Id.* Finally, emailing the subpoena and authorizing order to the intended non-party recipient's counsel has been found to be an acceptable method in addition to these methods. *Jones v. St. Clair Cnty.*, No. 24-CV-11965, 2025 WL 1242864, at *2 (E.D.

Mich. Apr. 29, 2025) (authorizing service via counsel in addition to first class mailing, affixing subpoena and order to personal residence, and emailing to last known email address).

### III.

The Court is satisfied that Plaintiffs have shown an inability to serve Mr. Wexner after the diligent efforts described above which included utilizing both a process server and the Franklin County Sheriff's Department. Further, the Court is persuaded, under the circumstances, that the alternative means for service proposed by Plaintiffs are "reasonably calculated to achieve actual delivery." *OceanFirst Bank*, 794 F. Supp. 2d at 754.

With respect to OSU's objections to alternative service, as Plaintiffs note, a party will not generally have standing to quash a subpoena directed at a nonparty unless it has "a personal right or privilege with regards to the documents sought." *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-cv-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013)). "Only the party to whom the subpoena is directed has standing to oppose it." *Id*. Applying that authority here, the Court finds that OSU has not established its standing to object to the current Motion. Moreover, to the extent OSU's position could be deemed relevant here, OSU has not demonstrated Plaintiffs' failure to meet their required burdens set forth above. As for the other issues OSU raises in its response, the Court agrees with Plaintiffs that such issues are premature.

Accordingly, Plaintiffs' Motion for Alternative Service on Non-Party Leslie Wexner (ECF No. 144) is **GRANTED.** Plaintiffs may effectuate service of a subpoena on Leslie Wexner by means of the following:

(a) Leaving a copy of the subpoena and this Order with his security personnel;

(b) Mailing a copy of the subpoena and this Order to his address through first-class mail; and

(c) Emailing a copy of the subpoena and this Order to Mr. Wexner's counsel, Matthew Zeiger.

**IT IS SO ORDERED**.

Date: January 12, 2026

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

_____
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE