## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOES 162, et al., | ) | |
| | ) | Case No. 2:23-cv-02991 |
| Plaintiffs, | ) | |
| | ) | Judge Michael H. Watson |
| v. | ) | |
| | ) | Chief Magistrate Judge Elizabeth P. |
| THE OHIO STATE UNIVERSITY, | ) | Deavers |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |
| | ) | |
| STEVE SNYDER-HILL, et al., | ) | Case No. 2:23-cv-02993 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |
| | ) | |
| WILLIAM KNIGHT, et al., | ) | Case No. 2:23-cv-02994 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |
| | ) | |
| JOHN DOE, | ) | Case No. 2:23-cv-02996 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

1

**EXHIBIT**

**A**

_____ )
                                       )
EDWARD GONZALES, et al.,               )     Case No. 2:23-cv-03051
                                       )
            Plaintiffs,                )     Judge Michael H. Watson
                                       )
v.                                     )     Chief Magistrate Judge Elizabeth P.
                                       )      Deavers
THE OHIO STATE UNIVERSITY,             )
                                       )
            Defendant.                 )
_____ )


### PLAINTIFFS' NOTICE OF DOCUMENT SUBPOENA TO NON-PARTY LESLIE H. WEXNER

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 34 and 45, Plaintiffs in Case Nos. 23-cv-03051, 23-cv-2993, 23-cv-2991, 23-cv-2994, 23-cv-2996, by and through their undersigned counsel, will cause the attached document subpoena to be served on upon the following:

Leslie H. Wexner
361 N Parkview Avenue
Columbus, OH 43209-1437

A copy of the subpoena is attached to this notice and is hereby served upon you.

Dated: January 17, 2024
       New York, New York

                          Respectfully submitted,

                          /s/_____
                          Scott E. Smith (0003749) (Trial Attorney)
                          SCOTT ELLIOTT SMITH, LPA
                          5003 Horizons Drive, Suite 100
                          Columbus, Ohio 43220
                          Phone: (614) 846-1700
                          Fax: (614) 486-4987
                          E-Mail: ses@sestriallaw.com

                          Ilann M. Maazel (admitted pro hac vice)
                          Debra L. Greenberger (admitted pro hac vice)

2

Sara Luz Estela (admitted pro hac vice)
Sonya Levitova (admitted pro hac vice)
600 Fifth Avenue
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
E-Mail: sestela@ecbawm.com
E-Mail: slevitova@ecbawm.com

Adele P. Kimmel (admitted pro hac vice)
Alexandra Brodsky (admitted pro hac vice)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite
630 Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net
E-mail: abrodsky@publicjustice.net

Counsel for the *Public Justice* Plaintiffs (*Snyder-Hill, et al.*, Case No. 2:23-cv-02993)

On behalf of:

Richard W. Schulte (0066031) (Trial Attorney)
Jacob A. Gebelle (0093528)
WRIGHT & SCHULTE, LLC
865 S. Dixie Dr.
Vandalia, OH 45377
(937) 435-7500
(937) 435-7511 facsimile
rschulte@yourlegalhelp.com
jgebelle@yourlegalhelp.com

Counsel for the *Wright & Schulte* Plaintiffs (*John Does 162, et al.*, Case No. 2:23-cv-02991)

J.C. Ratliff (0027898) (Trial Attorney)
Rocky Ratliff (0089781)
200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile:  740.383.2066
attorney.ratliff@gmail.com

attorneyrockyratliff@gmail.com

Counsel for the Ratliff Plaintiffs (*Knight, et al.* Case No. 2:23-cv-02994)

John C. Camillus, Trial Attorney (0077435) (Trial Attorney)
Law Offices of John C. Camillus, LLC
P.O. Box 141410
Columbus, Ohio 43214
(614) 992-1000
(614) 559-6731 (facsimile)
jcamillus@camilluslaw.com

Mitchell Schuster, Esq. (admitted pro hac vice)
Benjamin D. Bianco, Esq. (admitted pro hac vice)
Meister Seelig & Fein PLLC
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500
(212) 655-3535 (facsimile)
ms@msf-law.com
bdb@msf-law.com

Counsel for the *Bianco* Plaintiff (*John Doe*, Case No. 2:23-cv-02996)

Simina Vourlis (0046689) (Trial Attorney)
The Law Offices of Simina Vourlis
856 Pullman Way
Columbus, OH 43212-3860
Phone: (614) 487-5900
Fax: (614) 487-5901
Email: svourlis@vourlislaw.com

Rex A. Sharp
Sarah T. Bradshaw
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
rsharp@midwest-law.com
sbradshaw@midwest-law.com

Robert Allard
CORSIGLIA, MCMAHON AND ALLARD, LLP

96 North Third Street, Suite 620
San Jose, CA 95112
(408) 289-1417
(408) 289-8127 fax
rallard@cmalaw.net

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 fax
steve@estey-bomberger.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Tel.: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
(610) 200-0580
(610) 421-1326
jgs@sstriallawyers.com

Counsel for the *Sharp Group* Plaintiffs (*Gonzales, et al.*, Case No. 2:23-cv-3051)

TO:

Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
Carpenter Lipps LLP

*Special Counsel for Defendant*
*The Ohio State University*

280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
carpenter@carpenterlipps.com
bricker@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com

5

  

5003 Horizons Drive, Suite 101,
614.846.1700 www.sestriallaw.com

January 17, 2024

***Via Physical Service***

Leslie H. Wexner
361 N Parkview Ave
Columbus, OH 43209-1437

> Re:  *2:23-cv-2991/2993/2994/2996/3051 - Doe 162 / Snyder-Hill / Knight / Doe / Gonzales v. The Ohio State University (S.D. Ohio)*

Dear Mr. Wexner:

Attached is a subpoena to produce documents in the five above-captioned actions by February 7, 2024. Please contact Sonya Levitova at slevitova@ecbawm.com or (212) 763-5000 with any questions.

Sincerely,

Scott E. Smith (0003749) (Trial Attorney)
SCOTT ELLIOTT SMITH, LPA
5003 Horizons Drive, Suite 100
Columbus, Ohio 43220
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestriallaw.com

Ilann M. Maazel (admitted pro hac vice)
Debra L. Greenberger (admitted pro hac vice)
Sara Luz Estela (admitted pro hac vice)
Sonya Levitova (admitted pro hac vice)
600 Fifth Avenue
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
E-Mail: sestela@ecbawm.com
E-Mail: slevitova@ecbawm.com

Adele P. Kimmel (admitted pro hac vice)
Alexandra Brodsky (admitted pro hac vice)

  

5003 Horizons Drive, Suite 101,
614.846.1700 www.sestriallaw.com

PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite
630 Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net
E-mail: abrodsky@publicjustice.net

Counsel for the Public Justice Plaintiffs (*Snyder-Hill, et al.*, Case No. 2:23-cv-02993)

On behalf of:

| | |
|---|---|
| Richard W. Schulte (0066031) (Trial Attorney)<br>Jacob A. Gebelle (0093528)<br>WRIGHT & SCHULTE, LLC<br>865 S. Dixie Dr.<br>Vandalia, OH 45377<br>(937) 435-7500<br>(937) 435-7511 facsimile<br>rschulte@yourlegalhelp.com<br>jgebelle@yourlegalhelp.com<br><br>Counsel for the *Wright & Schulte* Plaintiffs (*John Does 162, et al*., Case No. 2:23-cv-02991) | J.C. Ratliff (0027898) (Trial Attorney)<br>Rocky Ratliff (0089781)<br>200 West Center Street<br>Marion, Ohio 43302<br>Telephone: 740.383.6023<br>Facsimile: 740.383.2066<br>attorney.ratliff@gmail.com<br>attorneyrockyratliff@gmail.com<br><br>Counsel for the Ratliff Plaintiffs (*Knight, et al.* Case No. 2:23-cv-02994) |
| Mitchell Schuster, Esq. (admitted pro hac vice)<br>Benjamin D. Bianco, Esq. (admitted *pro hac vice*)<br>Meister Seelig & Fein PLLC<br>125 Park Avenue, 7th Floor<br>New York, New York 10017<br>(212) 655-3500<br>(212) 655-3535 (facsimile)<br>ms@msf-law.com<br>bdb@msf-law.com<br><br>Counsel for the Bianco Plaintiff (*John Doe*, Case No. 2:23-cv-02996) | John C. Camillus (0077435) (Trial Attorney)<br>Law Offices of John C. Camillus, LLC<br>P.O. Box 141410<br>Columbus, Ohio 43214<br>(614) 992-1000<br>(614) 559-6731 (facsimile)<br>jcamillus@camilluslaw.com |

  

5003 Horizons Drive, Suite 101,
614.846.1700 www.sestriallaw.com

| | |
|---|---|
| Simina Vourlis (0046689) (Trial Attorney)<br>The Law Offices of Simina Vourlis<br>856 Pullman Way<br>Columbus, OH 43212-3860<br>Phone: (614) 487-5900<br>Fax: (614) 487-5901<br>Email: svourlis@vourlislaw.com | Stephen Estey<br>ESTEY & BOMBERGER LLP<br>2869 India Street<br>San Diego, CA 92103<br>619-295-0035<br>619-295-0172 fax<br>steve@estey-bomberger.com |
| Rex A. Sharp<br>Sarah T. Bradshaw<br>SHARP LAW, LLP<br>4820 W. 75th Street<br>Prairie Village, KS 66208<br>(913) 901-0505<br>rsharp@midwest-law.com<br>sbradshaw@midwest-law.com | Daniel R. Karon<br>KARON LLC<br>700 W. St. Clair Ave., Suite 200<br>Cleveland, OH 44113<br>Tel.: 216.622.1851<br>dkaron@karonllc.com<br><br>Joseph Sauder<br>SAUDER SCHELKOPF LLC |
| Robert Allard<br>CORSIGLIA, MCMAHON AND ALLARD, LLP<br>96 North Third Street, Suite 620<br>San Jose, CA 95112<br>(408) 289-1417<br>(408) 289-8127 fax<br>rallard@cmalaw.net | 555 Lancaster Avenue<br>Berwyn, PA 19312<br>(610) 200-0580<br>(610) 421-1326<br>jgs@sstriallawyers.com |

Counsel for the Sharp Group Plaintiffs (*Gonzales et al.*, Case No. 2:23-cv-3051)

Encl.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | | |
|---|---|---|
| Steve Snyder-Hill, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-cv-02993-MHW-EPD |
| The Ohio State University | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Leslie H. Wexner

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Smith Law Office 5003 Horizons Drive, Suite 101 Columbus, OH 43220 | Date and Time: 02/072024 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/17/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Scott E. Smith |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Steve Snyder-Hill , who issues or requests this subpoena, are:

Scott E. Smith, 5003 Horizons Drive Ste 100, Columbus OH 43220, ses@sestriallaw.com, 614-846-1700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-02993-MHW-EPD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                               _____
                                                      *Printed name and title*

                                               _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

Print        Save As...        Add Attachment                    Reset

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SCHEDULE A – DOCUMENTS TO BE PRODUCED</u>

1.   All communications between You and anyone affiliated with Perkins Coie LLP concerning Dr. Richard Strauss, the Perkins Coie Investigation, or the Perkins Coie Report.

2.   All communications between You and anyone affiliated with Porter Wright Morris & Arthur LLP concerning Dr. Richard Strauss, the Perkins Coie Investigation, or the Perkins Coie Report.

3.   All communications between You and anyone affiliated with The Ohio State University concerning Dr. Richard Strauss, the Perkins Coie Investigation, or the Perkins Coie Report.

4.   All communications between You and Dr. Richard Strauss, whether or not other senders or recipients were included in the communications.

5.   If not otherwise produced by the prior requests, all communications and documents concerning Dr. Richard Strauss, the Perkins Coie Investigation or the Perkins Coie Report, the Actions, or any of the Plaintiffs in the Actions.

6.   Your most recent resume or CV.

7.   All communications between You and the State Medical Board of Ohio regarding:

    a.   Dr. Richard Strauss; or

    b.   Any doctor alleged to have committed sexual abuse, sexual assault, or sexual battery or your failure to report such doctor.

8.   All communications between You and any Ohio State University student or parents/family members of students concerning Dr. Richard Strauss.

## **DEFINITIONS**

1. "Actions" mean *Doe 162 v. The Ohio State University*, 23-cv-2991 (S.D. Ohio); *Snyder-Hill v. The Ohio State University*, 23-cv-2993 (S.D. Ohio); *Knight v. The Ohio State University*, 23-cv-2994 (S.D. Ohio); *Doe v. The Ohio State University*, 23-cv-2996 (S.D. Ohio); and *Gonzales v. The Ohio State University*, 23-cv-3051 (S.D. Ohio).

2. "Perkins Coie Report" shall be the May 15, 2019 "Report of the Independent Investigation: Sexual Abuse Committed by Dr. Richard Strauss at the Ohio State University" prepared by Perkins Coie LLP.

3. "Perkins Coie Investigation" shall be the investigation Perkins Coie LLP conducted into the sexual abuse by Dr. Richard Strauss which culminated in the Perkins Coie Report.

4. "You" refers to Russell O. Hellickson, including those acting on your behalf, i.e., your attorneys or agents.

5. "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise and includes emails, text messages, Facebook messages, WhatsApp messages, and any other forms of communications.

6. "Document" means, without limitation, the following items which are in the possession, custody or control of you, your agents, investigators, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: emails, text messages, faxes, social media accounts, correspondence, corporate books and records, monthly account statements, bank account statements, checks, invoices, receipts, agenda entries, calendar entries, notes, agreements, communications, reports, logs, correspondence, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews,

drawings, sketches, maps, summaries or records of meetings or conferences, opinions or reports of consultants, photographs, motion picture film, videotape, digital video, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings, audio tape, voice mail, and electronically stored information ("ESI").

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. "All" and "each" shall be construed as all and each.

## INSTRUCTIONS

1. In responding to this subpoena, you shall furnish all information that is available to you, including information or materials in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, contractors, employees, or other agents.

2. If any document responsive to the subpoena has been lost, destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) the nature or subject matter of such document, (v) each person having knowledge of the circumstances of it being lost, discarded or destroyed, and (vi) your efforts to locate each such document.

3. If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to

determine the legal sufficiency of your objection or position, and, for each such document, identify:

  a.   whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

  b.   whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

  c.   any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

  d.   the nature of the privilege (including work product or grand jury) that is being claimed, and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

  e.   the type of document, e.g., letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

4.   If, in answering the subpoena, responsive information would disclose the name or identity of an OSU patient or sexual abuse survivors—other than the Plaintiffs identified (i.e., Non-John Does) in the Actions—please redact the names and identifying information.

5.   If, in answering the subpoena, you claim any ambiguity in interpreting either the request or a definition instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather, you shall set forth in a part of your response to such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

4

6.     Respond separately and completely to each document request or subdivision thereof, setting forth the question in full followed by each answer.

7.     With respect to the documents requested, the requests seek production of all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

8.     Questions regarding the interpretation of the requests should be resolved in favor of the broadest possible construction.

9.     The documents produced in response to the requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to the following:

      a.     that all associated file labels, file headings, and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

      b.     that all pages now stapled or fastened together be produced stapled or fastened together; and

      c.     that all documents which cannot legibly be copied be produced in their original form.

9.     Plaintiff requests that all documents be produced in their native format and/or as TIFs, and that you include electronically stored information. You may not convert the data to a form that is more burdensome and/or less searchable. If you convert data to TIFs from native format, you must retain all metadata—including but not limited to the OCR database, document demarcations, the date of the documents, the author of the documents, the recipients of the documents, the type of documents, etc.—in a usable load file (Summation preferred).

5

10.     The requests are to be considered as continuing and you are requested to provide, by way of supplementary responses hereto, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to the requests. Such supplementary responses are to be filed and served upon Plaintiffs' counsel as soon as practicable after receipt of such information or documents.

**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOES 162, et al., | ) | |
| | ) | Case No. 2:23-cv-02991 |
| Plaintiffs, | ) | |
| | ) | Judge Michael H. Watson |
| v. | ) | |
| | ) | Chief Magistrate Judge Elizabeth P. |
| THE OHIO STATE UNIVERSITY, | ) | Deavers |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |
| | ) | |
| STEVE SNYDER-HILL, et al., | ) | Case No. 2:23-cv-02993 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |
| | ) | |
| WILLIAM KNIGHT, et al., | ) | Case No. 2:23-cv-02994 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |
| | ) | |
| JOHN DOE, | ) | Case No. 2:23-cv-02996 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

1

_____  )
                                           )
EDWARD GONZALES, et al.,                   )      Case No. 2:23-cv-03051
                                           )
        Plaintiffs,                        )      Judge Michael H. Watson
                                           )
v.                                         )      Chief Magistrate Judge Elizabeth P.
                                           )       Deavers
THE OHIO STATE UNIVERSITY,                 )
                                           )
        Defendant.                         )
_____  )

### **AFFIDAVIT**

I, _____, being duly sworn, depose and say:

I am the custodian of records produced in response to Plaintiffs' document subpoena. In that capacity, I certify that the attached records are true and accurate copies of the records created from the information I maintained in the usual course of business. It is my ordinary practice to maintain such records, and said records were made contemporaneously with the transaction and events stated therein, or within a reasonable time thereafter.

Dated: _____          Signature :_____

                                  Name of Subpoena Recipient: _____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public

2