

| | |
|---|---|
| **From:** | Sarah Bradshaw |
| **To:** | Matthew S. Zeiger |
| **Subject:** | Gonzales v. OSU service on Mr. Wexner |
| **Date:** | Thursday, December 4, 2025 1:45:49 PM |
| **Attachments:** | 144- Mot for Alternate Service (Wexner).pdf |

Hi Matt,

Hope you had a nice Thanksgiving. As I'm sure you've made aware, we asked the Court to allow for alternate service of Mr. Wexner's deposition subpoena, given your constructive knowledge of the subpoena and our inability to serve Mr. Wexner by traditional means. I wanted to provide you a courtesy copy of our motion and also ask that you reconsider your position to accept service, so we can both avoid further motion practice and let the court know we resolved the issue.

Thanks,

Sarah Bradshaw
4820 W. 75th Street
Prairie Village KS 66208
(913) 214-9884
https://sharplawllp.com/



The information contained in this email (and any attachments), is attorney PRIVILEGED and CONFIDENTIAL information intended only for the use of the individual or entity(s) to whom it is addressed. If you are not the intended recipient, or party authorized to deliver it to the intended recipient, DO NOT read, forward, copy, disclose, distribute, or use this communication in any manner, send us a reply indicating your receipt, and DELETE the email and any attachments permanently from your system.

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEVE SNYDER-HILL, et al., | Case No. 2:23-cv-02993 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |
| WILLIAM KNIGHT, et al., | Case No. 2:23-cv-02994 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |
| EDWARD GONZALES, et al., | Case No. 2:23-cv-3051 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

## PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE ON NON-PARTY LESLIE WEXNER

Leslie "Les" Wexner has a long, illustrious history with Ohio State University. He graduated from Ohio State in 1959 and, from there, built a business empire.[1] As his career

---

[1] Jim Weiker, *Timeline: Columbus retail legend Leslie H. Wexner, his life from The Limited to L Brands*, Columbus Dispatch (last updated May 18, 2021, 10:28 AM EST) available at

progressed, he joined the Ohio State Board of Trustees. Relevant to this case, he served on the Board from 1988 through 1997. *Former Trustees*, The Ohio State University, https://trustees.osu.edu/university-board/former-trustees (last accessed Oct. 17, 2025, at 9:28 CDT). Mr. Wexner was on the Board during the time period at the heart of this case: Dr. Strauss's tenure and (belated) removal as a University physician. Mr. Wexner has donated tens of millions of dollars to OSU and remains OSU's most benevolent booster. OSU's medical center is indeed called the Wexner Medical Center.

Given Mr. Wexner's role on the Board during this critical time period of Strauss's serial sexual abuse on the OSU student body, as well as Mr. Wexner's continued involvement and support of OSU, Plaintiffs previously issued a subpoena for Mr. Wexner to produce relevant documents in 2024, and at issue here, more recently subpoenaed him to testify at a deposition. Ex. 1, Wexner Subpoena Package.

It defies all logic and reason that Mr. Wexner would not have any knowledge about Strauss or his victims,[2] especially given that he was a Board member during Strauss's disciplinary hearings and the nonrenewal of his employment contract in 1996, and subsequently remained OSU's biggest benefactor even after the story of Strauss's abuse broke in 2018—while Mr. Wexner's spouse was serving as a Board member. Despite this, Mr. Wexner previously provided zero letters, text messages, emails, or any documents in response to Plaintiffs' document subpoena, claiming he had nothing relevant to the allegations. Because of the lack of a single piece of written documentation as to Mr. Wexner's knowledge of Strauss or the investigation into Strauss' sexual

---

https://www.dispatch.com/story/business/2021/03/18/timeline-columbus-retail-legend-leslie-les-wexner-limited-l-brands/4746539001/?gnt-cfr=1&gca-cat=p&gca-uir=true&gca-epti=z113632d00----v113632b0041xxd004165&gca-ft=201&gca-ds=sophi

[2] At least one Strauss survivor modeled for Wexner's brand, Abercrombie and Fitch.

2

abuse of students, his deposition testimony is necessary and the only way Plaintiffs can obtain information from him. Unfortunately, Plaintiffs' service efforts have not succeeded. So, Plaintiffs respectfully ask the Court to allow them to serve Mr. Wexner by alternative means, as described below.

## I. Background of Service Attempts

Plaintiffs have made multiple attempts in their pursuit to serve Mr. Wexner. First, they contacted Mr. Wexner's attorney to ask if he would accept service of the subpoena for Mr. Wexner's deposition. Plaintiffs also attempted to personally serve Mr. Wexner via private process server. When those attempts failed, Plaintiffs next attempted service through the Franklin County's Sheriff's Office, who also made multiple attempts, but was unable to serve Mr. Wexner.

### A. Discussions with Mr. Wexner's Attorney

Knowing that personally serving Mr. Wexner may prove difficult, prior to attempting personal service, Plaintiffs also reached out to Matthew S. Zeiger, of the law firm Zeiger, Tigges & Little LLP,[3] who had previously told Plaintiffs that his firm represents Mr. Wexner. In early 2024, Plaintiffs issued a document subpoena to Mr. Wexner seeking information in Mr. Wexner's possession that relates to Dr. Strauss, the Perkins Coie investigation, and other similar, discrete topics related to this litigation. In parallel circumstances, Plaintiffs had difficulty serving Mr. Wexner but were ultimately able to deliver the subpoena package to his counsel, Mr. Zeiger. Mr. Zeiger confirmed that he represented Mr. Wexner. Ex. 2, Zeiger 3/13/24 letter to Plaintiffs' counsel Scott Smith. He objected to service but stated that Mr. Wexner had no responsive documents. *Id.*

On September 5, 2025, undersigned counsel emailed Mr. Zeiger asking if he would accept service for Mr. Wexner's deposition subpoena. Ex. 3, Undersigned 9/5/2025 email. Mr. Zeiger

---

[3] As the name suggests, this is the firm owned by OSU Board of Trustees Chair John Zeiger.

3

responded on September 10 by asking why Plaintiffs sought to depose Mr. Wexner. Ex. 4, Zeiger 9/10/25 letter. Plaintiffs' counsel explained that Mr. Wexner had been a board member while Dr. Strauss was employed and thus may have interacted with or heard about the allegations against Dr. Strauss. After additional e-mail correspondence, Plaintiffs' counsel offered that if Mr. Wexner indeed had no knowledge of Dr. Strauss or anything relevant to the case, then Plaintiffs would consider an affidavit in lieu of his deposition. Ex. 5, Undersigned email chain with Zeiger. Nevertheless, Mr. Wexner's counsel has not accepted Plaintiffs' proposal for an affidavit or service of the subpoena, and continues to dispute that Mr. Wexner possesses any discoverable information. Ex. 6, Little 10/10 letter.

### B. Personal Service Attempts

While Plaintiffs' counsel engaged with Mr. Wexner's counsel, they were also attempting personal service of the subpoena. Plaintiffs made three attempts to personally serve Mr. Wexner. They started with Mr. Wexner's residence, which is in New Albany. *See* Mark Feuerborn, *Jeffrey Epstein's connection to New Albany's transformation*, NBC 4i (last updated Feb. 7, 2024 2:07 PM EST), available at https://www.nbc4i.com/news/local-news/new-albany/jeffrey-epsteins-connection-to-new-albanys-transformation/; Ray Paprocki, *Les Wexner Builds a House,* Columbus Monthly (1990), available at https://www.columbusmonthly.com/story/business/names-faces/2018/06/18/les-wexner-builds-house/986503007/ (last updated Nov. 9, 2021 2:21PM ET). With knowledge of his residence, Plaintiffs' process server went to that address to serve Mr. Wexner. Ex. 7 at 1, Affidavit of Non-Service.

Understandably, Mr. Wexner has security protecting the perimeter of his property. *See id.* at 3. To access the house, one must first approach a guard house and speak with security. *Id.* On September 13, 2025, Plaintiffs' process server approached the security gate and spoke with the security personnel. *Id.* at 1. When the process server spoke with Mr. Wexner's security, they were

4

"unwilling to accept service or entry." *Id.* at 1. The security even refused to confirm who lived at the property despite public stories confirming who lives there. *Id.* In short, security prevented service. *Id.*

The process server subsequently waited outside the Board of Trustees meeting for the Wexner Medical Center Board on September 23, 2025, from 3:30 PM until 5:30 PM. *Id.*; *see also Meeting Calendar*, The Ohio State University, https://trustees.osu.edu/university-board/meetings (under "2025 Meetings" and the "Sept-Oct" tab). After waiting until the end of the meeting, the process server spoke with representatives in the meeting. *Id.* at 2. They indicated that Mr. Wexner no longer attends meetings.

The private process server having struck out, Plaintiffs turned to the Franklin County Sheriff's Department. The Sheriff twice attempted service at Mr. Wexner's residence to no avail. The Department was also unable to effectuate service. Ex. 8, Sheriff affidavit of non-service.

## II. Discussion

"The Sixth Circuit has not yet passed on whether Rule 45 requires personal service of a subpoena. District courts considering the issue have reached differing conclusions."[4] *Powell v. Time Warner Cable, Inc.*, 2010 WL 5464895, at *3 (S.D. Ohio Dec. 30, 2010); *see also Wheel Recovery Sys., LLC v. Nichols*, 2022 WL 19076611, at *2 (E.D. Tenn. Nov. 2, 2022) (noting the split in authority still existed in 2022). District courts recognize, however, that they can authorize parties to serve subpoenas by alternative means (*i.e.*, not by personal service) "once the party

---

[4] This confusion has led the Rules Committee to propose amendments to Rule 45 clarifying how subpoenas can be served. *See* Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Request for Comments on Proposed Amendments to Federal Rules and Forms* 55–59 (2025). These changes are slated to take effect on December 1, 2027. *Id.* at 3.

5

seeking evidence demonstrates an inability to effectuate service after a diligent effort." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011).

Here, Plaintiffs have diligently attempted to serve Mr. Wexner, by different means, over the course of several months. They have approached his residence but were prevented from effectuating personal service at the residence by Mr. Wexner's security. His security even refused to confirm that Mr. Wexner lived there despite the well-publicized knowledge that he does. Plaintiffs have also asked his attorney to accept service and informed him about the general topics that they intend to cover. Mr. Wexner's counsel refused to accept service despite these explanations. Even the sheriff has failed to serve Mr. Wexner. These efforts are more than sufficient to establish diligence. *See Jones v. St. Clair Cnty.*, 2025 WL 1242864, at *1 (E.D. Mich. Apr. 29, 2025).

"The alternate means must be reasonably calculated to achieve actual delivery." *OceanFirst*, 794 F. Supp. 2d at 754. Courts have approved using first-class mail, physically tacking the subpoena on a non-party's door, and/or emailing the non-party's attorney. *See Jones*, 2025 WL 1242864, at *2; *Taylor v. Smith*, 2024 WL 5049262, at *2 (E.D. Mich. Dec. 9, 2024). Here, Plaintiffs propose serving Mr. Wexner by:

   (a)   Leaving a copy of the subpoena and the Court's forthcoming order on this Motion with his security personnel;

   (b)   Mailing a copy of the subpoena and the Court's forthcoming order on this Motion to his address through first-class mail; and

   (c)   Emailing a copy of the subpoena and the Court's forthcoming order on this Motion to Mr. Wexner's counsel, Mr. Zeiger.

These methods are "reasonably calculated to insure delivery." *Jones*, 2025 WL 1242864, at *1. It cannot be reasonably disputed that Mr. Wexner is aware of Plaintiffs' request for his deposition testimony in this case, and because Plaintiffs have diligently—but unsuccessfully—attempted to personally serve Mr. Wexner, the Court should grant their request to serve Mr. Wexner using the above-described methods.

WHEREFORE, Plaintiffs respectfully ask the Court to allow them to serve Mr. Wexner by the means described above

Dated: November 19, 2025

        Respectfully submitted,

        /s/ *Sarah T. Bradshaw*
        Rex A. Sharp
        Sarah T. Bradshaw
        Nathan A. Kakazu
        Bradley Thomas
        Emma Herold
        SHARP LAW, LLP
        4820 W. 75th Street
        Prairie Village, KS 66208
        Phone : (913) 901-0505
        Fax : (913) 261-7564
        rsharp@midwest-law.com
        sbradshaw@midwest-law.com
        nkakazu@midwest-law.com
        bthomas@midwest-law.com
        eherold@midwest-law.com

        Simina Vourlis (0046689) (Trial Attorney)
        The Law Offices of Simina Vourlis
        856 Pullman Way
        Columbus, OH 43212-3860
        Phone: (614) 487-5900
        Fax: (614) 487-5901
        Email: svourlis@vourlislaw.com

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
Phone: 619-295-0035
Fax: 619-295-0172
steve@estey-bomberger.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Phone: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
Phone: (610) 200-0580
Fax: (610) 421-1326
jgs@sstriallawyers.com

Counsel for the *Gonzales* Plaintiffs (*Gonzales, et al.*, Case No. 2:23-cv-3051)

SCOTT ELLIOTT SMITH, LPA
Scott E. Smith (0003749)
5003 Horizons Drive, Suite 100
Columbus, Ohio 43220
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestriallaw.com

Ilann M. Maazel (admitted pro hac vice)
Debra L. Greenberger (admitted pro hac vice)
600 Fifth Avenue
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com

Adele P. Kimmel (admitted pro hac vice)
Alexandra Brodsky (admitted pro hac vice)
PUBLIC JUSTICE, P.C.

8

      1620 L Street, NW, Suite 630 Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

Counsel for the *Snyder-Hill* Plaintiffs (*Snyder-Hill, et al.*, Case No. 2:23-cv-02993)

J.C. Ratliff (0027898)
Rocky Ratliff (0089781)
200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile: 740.383.2066
attorney.ratliff@gmail.com
attorneyrockyratliff@gmail.com

Counsel for the *Knight* Plaintiffs (*Knight, et al.* Case No. 2:23-cv-02994)

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on November 19, 2025. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

      */s/ Sarah T. Bradshaw*
      Sarah T. Bradshaw

      Counsel for the *Gonzales* Plaintiffs (*Gonzales, et al.*, Case No. 2:23-cv-3051)