THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVE SNYDER-HILL, et al., | Case No. 2:23-cv-02993 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |
| WILLIAM KNIGHT, et al., | Case No. 2:23-cv-02994 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |
| EDWARD GONZALES, et al., | Case No. 2:23-cv-3051 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S MOTION FOR INDEPENDENT MEDICAL EXAMINATIONS OF DISCOVERY PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 35(a), defendant The Ohio State University ("OSU") moves the Court for an Order authorizing the independent medical examinations of the twenty discovery plaintiffs. Grounds for the Motion are provided in the accompanying

Memorandum In Support.[1]

                Respectfully submitted,

                DAVE YOST
                ATTORNEY GENERAL OF OHIO

                /s/ Michael H. Carpenter
                Michael H. Carpenter (0015733) (Trial Attorney)
                Timothy R. Bricker (0061872)
                Michael N. Beekhuizen (0065722)
                David J. Barthel (0079307)
                Carpenter Lipps LLP
                280 Plaza, Suite 1300
                280 North High Street
                Columbus, OH 43215
                Phone: (614) 365-4100
                Fax: (614) 365-9145
                Email: carpenter@carpenterlipps.com
                          bricker@carpenterlipps.com
                          beekhuizen@carpenterlipps.com
                          barthel@carpenterlipps.com

                *Special Counsel for Defendant The Ohio State University*

---

[1] Prior to filing this Motion, OSU provided a copy to counsel for Plaintiffs and asked whether the Motion would be unopposed. Counsel for Plaintiffs have indicated that they are still considering whether the Motion will be opposed.

**MEMORANDUM IN SUPPORT**

**I.      Introduction.**

In *Cummings*, the United States Supreme Court held that emotional distress damages are not recoverable under federal Spending Clause statutes. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 US 212 (2022). Applying *Cummings*, this Court has held that Plaintiffs are not entitled to recover emotional distress damages under Title IX. *See* June 17, 2025 Opinion And Order (Doc. 111). Rather, Plaintiffs' damages "are limited to those 'traditionally available' in breach-of-contract suits[.]" *Id.* at 21.

Nonetheless, the Discovery Plaintiffs are pursuing various categories of damages that constitute emotional distress, including for alleged mental anguish, anxiety, depression, and post-traumatic stress disorder ("PTSD"). The Discovery Plaintiffs also assert purported vocational damages, which are based on alleged emotional distress as well. *See* Exs. A (chart summarizing fact sheet responses and deposition testimony); A-1 to A-20 (fact sheet responses and deposition excerpts for each Discovery Plaintiff).[2] The Discovery Plaintiffs intend to present expert testimony on these issues. *See id.*

Plaintiffs also apparently intend to argue that some, if not all, of these alleged damages do not constitute emotional distress or somehow are recoverable despite *Cummings*. Given the assertion of such damages, independent medical examinations are necessary to determine the extent and nature of the Discovery Plaintiffs' alleged harm and damages, and whether such harm and damages are properly categorized as emotional distress damages, which are not recoverable under *Cummings*. Civil Rule 35(a) authorizes this Court to order such independent medical

---

[2] Exhibits A and A-1 through A-20 contain confidential information and are being submitted to the Court for *in camera* review pursuant to Paragraph 8(b) of the Protective Orders entered in these cases.

3

examinations where, as here, the nature of the Discovery Plaintiffs' alleged damages is squarely at issue.

This Court and other courts also have held that Civil Rule 35(a) permits separate examinations where the expertise of multiple specialists is required. Here, examination of each Discovery Plaintiff is required by three separate specialists: (1) a licensed vocational expert to assess claims of vocational damages, lost earnings, etc.; (2) a forensic psychologist to assess claims of emotional distress, mental anguish, and whether these and other alleged damages fall within the category of emotional distress; and (3) a medical doctor and brain injury specialist to assess claims of PTSD and whether PTSD falls within the category of emotional distress. Such examinations can be completed in two days for each Discovery Plaintiff in Columbus, Ohio at the offices of undersigned counsel.

Lastly, OSU respectfully submits that the requested examinations will assist the parties and the Court in selecting bellwether plaintiffs for trial. The requested examinations may also have the beneficial effect of providing further information for the parties to evaluate as part of settlement and/or mediation efforts. In summary, good cause for the requested examinations exist, as discussed further below.

**II.     Applicable Law.**

Civil Rule 35(a)(1) authorizes this Court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined[.]" Civ. R. 35(a)(2)(A). Additionally, the order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Civ. R. 35 (a)(2)(B).

In construing Civil Rule 35(a), the United States Supreme Court has noted that the "in

4

controversy" and "good cause" requirements are "necessarily related." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). Furthermore, a party who "asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.; see also Curatola v. American Electric Power*, 2007 WL 9728954 at *3-4 (S.D Ohio Nov. 13, 2007) (quoting *Schlagenhauf*). In fact, Rule 35 examinations are common in Title IX and sexual abuse/harassment cases, as well as in cases involving alleged PTSD. *See, e.g., Simpson v. University of Colorado*, 220 F.R.D. 354, 362-363 (D. Colo. 2004) (approving mental examination in Title IX case; allegations included alleged PTSD); *Peters v. Nelson*, 153 F.R.D. 635, 636-639 (N.D. Iowa 1994) (approving mental examination in sexual abuse case); *Hearring v. Sliwowski*, 2011 WL 3897803 at *2 (M.D. Tenn. Sept. 6, 2011) (approving mental examination where plaintiff alleged PTSD).

Lastly, as this Court and other courts have held, separate examinations by multiple specialists are permitted under Civil Rule 35. *See, e.g., Marshall v. Peters*, 31 F.R.D. 238, 239 (S.D. Ohio Oct. 24, 1962) (approving separate examinations by orthopedic specialist and heart specialist); *Peters v. Nelson*, 153 F.R.D. 635, 636-639 (N.D. Iowa 1994) (approving separate examinations by psychiatrist and neuropsychologist in sexual abuse case) (citing supporting cases). As this Court explained in *Marshall*, the language of Civil Rule 35(a) itself contemplates multiple examinations by requiring identification of "'the person *or persons*' by whom the examination is to be made." *Id.* at 239 (emphasis in original). The Court further cited to and relied upon legal commentary stating that "Where specialists from various branches of medicine are required, there is nothing in the rule to prevent the court from ordering examination by all of them." *Id.* at 239 (quoting Federal Practice and Procedure, 2A Barron and Holtzoff, 483, Section 822

(1961)); *see also Peters* at 637-638 (discussing cases). Here, examinations are required by three separate specialists as discussed further below.

### III.  Good Cause Exists For The Examinations.

Good cause for the requested examinations exists for several reasons. First, under *Cummings* and this Court's June 17, 2025 Opinion And Order, Plaintiffs cannot recover emotional distress damages. The Discovery Plaintiffs, however, have squarely placed the nature of their alleged injuries in controversy by continuing to assert emotional distress damages both in their fact sheet responses and in their deposition testimony. *See* Exs. A, A-1 to A-20 (submitted for *in camera* review). Accordingly, the requested examinations are necessary in order to present the Court with evidence from licensed medical professionals regarding the nature of the Discovery Plaintiffs' alleged damages and whether such alleged damages constitute emotional distress.

Second, good cause for mental examination exists where a plaintiff intends to present expert testimony in support of the alleged damages. *See, e.g., Simpson*, 220 F.R.D. at 362 (authorizing Rule 35 examination by defendant's expert where plaintiff intended to present her own expert regarding alleged PTSD). Here, the Discovery Plaintiffs intend to present expert testimony in support of their alleged damages. *See* Ex. A. In fact, several Discovery Plaintiffs already have been referred to psychiatrists and/or psychologists by their counsel. *See id.* Good cause exists for the requested examinations for this reason as well.

Lastly, OSU respectfully submits that the requested examinations will assist the parties and the Court in selecting bellwether plaintiffs for trial. The requested examinations may also have the beneficial effect of providing further information for the parties to evaluate as part of settlement and/or mediation efforts. In summary, good cause exists for the requested examinations because the Discovery Plaintiffs have asserted mental harm and damages in their discovery fact sheet responses and in their depositions.

**IV.     Examination By Three Separate Specialists Is Necessary.**

Examinations by three separate specialists are necessary given the nature of the alleged damages asserted by the Discovery Plaintiffs.  Specifically, the following specialists are necessary (1) a licensed vocational expert to assess claims of vocational damages; (2) a forensic psychologist to assess claims of emotional distress, mental anguish, etc., and whether these and other alleged damages fall within the category of emotional distress; and (3) a medical doctor and brain injury specialist to assess claims of PTSD and whether PTSD falls within the category of emotional distress.  To that end, OSU has retained the three following specialists:

**Dr. Kenneth Manges**:  Dr. Manges is a psychologist and certified vocational rehabilitation manager and expert.  Dr. Manges' examination will focus on the vocational aspects of Plaintiffs' alleged damages (*i.e.*, loss of career opportunities, lost earnings capacity, etc.).  A copy of Dr. Manges' curriculum vitae is attached as Ex. B.

**Dr. Elliot Rosenbaum**:  Dr. Rosenbaum is a board-certified clinical psychologist.  Dr. Rosenbaum's examination will focus on an evaluation and assessment of the nature of the Discovery Plaintiffs' alleged damages (including but not limited to post-traumatic stress disorder) and the extent to which such alleged damages constitute emotional distress.  Dr. Rosenbaum's curriculum vitae is attached as Ex. C.

**Dr. Dale Panzer, MD**:  Dr. Panzer is a licensed medical doctor and psychiatrist with experience with post-traumatic stress disorder and brain injury medicine.  Dr. Panzer's evaluation will focus on the Discovery Plaintiffs' allegations of post-traumatic stress disorder and the extent to which any such allegations would constitute emotional distress from a medical perspective.  Dr. Panzer's curriculum vitae is attached as Ex. D.

**V.     Time, Place, And Manner To Conduct The Examinations.**

The requested examinations can be completed in two days for each Discovery Plaintiff at

the offices of undersigned counsel in Columbus, Ohio. The examinations will consist of oral interviews and the completion of written questionnaires/tests (no physical testing or examination will occur). OSU suggests that the examinations be scheduled to occur in March 2026 and that the parties meet and confer to determine the specific dates for each Discovery Plaintiff. The specialists who will conduct the examinations are identified above (Dr. Manges; Dr. Rosenbaum; and Dr. Panzer).

**VI.     Conclusion.**

Under *Cummings* and this Court's June 17, 2025 Opinion And Order, Plaintiffs cannot recover emotional distress damages. Accordingly, the requested examinations are necessary to determine the nature and extent of Plaintiffs' alleged damages and whether they fall within the category of unrecoverable emotional distress damages.

For the foregoing reasons, OSU respectfully requests the Court grant this Motion and order the Discovery Plaintiffs to make themselves available for the requested examinations at the offices of undersigned counsel in Columbus, Ohio, and for counsel for the parties to meet and confer regarding dates for the examinations.

Respectfully submitted,

DAVE YOST
ATTORNEY GENERAL OF OHIO

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
Carpenter Lipps LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
Email: carpenter@carpenterlipps.com
bricker@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com

*Special Counsel for Defendant The Ohio State University*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on February 6, 2026. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Michael H. Carpenter
*Trial Attorney for Defendant The Ohio State University*
