# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JOHN DOE 162, et al., | Case No. 2:23-cv-02991 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

| | |
|---|---|
| STEVE SNYDER-HILL, et al., | Case No. 2:23-cv-02993 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

| | |
|---|---|
| WILLIAM KNIGHT, et al., | Case No. 2:23-cv-02994 |
| Plaintiffs, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

| | |
|---|---|
| STEVE GRESOCK, | Case No. 2:23-cv-2996 |
| Plaintiff, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

| | |
|---|---|
| EDWARD GONZALES, et al., | : Case No. 2:23-cv-3051 |
| Plaintiffs, | : |
| | : Judge Michael H. Watson |
| v. | : |
| | : Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | : |
| Defendant. | : |

**NON-PARTY STATE MEDICAL BOARD OF OHIO'S MOTION FOR LEAVE TO FILE AMICUS RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

The State Medical Board of Ohio ("Board") moves this Court for leave to file an amicus response to Plaintiffs' January 23, 2026 Motion to Compel Production of the Unredacted Medical Board File for Case 96-1534A (Doc. # 146), and Defendant's memorandum in response to that motion. (Doc. # 158). Plaintiffs' motion to compel asks the Court to order Defendant Ohio State University ("OSU") to produce the Board's investigative records relating to complaints of sexual misconduct by Dr. Richard Strauss. OSU asks that the Board be ordered to produce the records if the Court compels production. The Board requests leave to file a response to these filings on or before March 16, 2026.

Pursuant to Ohio's Medical Practice Act, the Board's investigative records are confidential and not subject to discovery. R.C. 4731.22(F)(5). The Board's confidentiality statute contains an exception allowing the Board to disclose its confidential records to other government agencies. R.C. 4731.22(F)(5). Pursuant to that exception, the Board provided counsel for OSU with a copy of the Board's investigative records relating to the investigation of Dr. Straus.

On May 23, 2019, the Board waived its confidentiality interests in the Strauss investigative records, but the Board could not waive the confidentiality privilege of third parties who may be

2

referenced in the Board's records. *See State ex rel. Wallace v. State Med. Bd.,* 89 Ohio St. 3d 431, 435 (2000) (Several groups, including patients and witnesses, hold a confidentiality privilege in the Board's investigative records, and only the holder of the privilege is authorized to waive that privilege.). Accordingly, when Plaintiffs subpoenaed the Board for a copy of its investigative records, the Board produced a copy that contained redactions of names of patients, witnesses and other individuals who had not waived their confidentiality privilege.

Plaintiffs have now moved the Court to compel OSU to produce an unredacted copy of the records, or more accurately, a copy with fewer redactions, as Plaintiffs do not oppose the continued redaction of patient names or witnesses who are not employees of OSU. OSU's memorandum in response requests that if the Court orders production of the Board's investigative records, the production should be made by the Board rather than OSU.

Both Plaintiffs' motion and OSU's response present argument regarding production of the Board's confidential investigative files. In addition, OSU specifically requests that the Board be ordered to produce the records, even though the Board is not a party to this action and Plaintiffs' motion is not directed at the Board. For these reasons, the Board respectfully requests that it be given an opportunity to respond to the motion and OSU's response so that the Court can consider the Board's position on the issues presented.

The Board requests that it be permitted to file its amicus response within thirty days after being served with Plaintiffs' motion. Neither Plaintiffs nor OSU provided a copy of their pleadings to the Board at the time they were filed. Plaintiffs served the Board on February 13, 2026, with a copy of its January 23, 2026 motion and OSU's response. The Board requests that it be granted 30 days from service of Plaintiff's motion to file its response. The Board is not a party to these proceedings and last filed a pleading as amicus in this litigation in 2019, so is not familiar with the

3

current status of the case. The Board therefore requests that it be granted 30 days to respond, makings its response due on March 16, 2026.

.

        Respectfully submitted,

        DAVE YOST (0056290)
        Ohio Attorney General

        /s/ *Katherine Bockbrader*
        KATHERINE BOCKBRADER (0066472)
        MELINDA RYANS SNYDER (0077852)
        Assistant Attorney General
        Health and Human Services Section
        30 East Broad Street, 26th Floor
        Columbus, Ohio 43215
        Telephone: (614) 728-8844
        Facsimile: (806)-805-6094
        Katherine.Bockbrader@OhioAGO.gov
        Melinda.Snyder@OhioAGO.gov

        *Counsel for the State Med. Bd. of Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 25, 2026, the foregoing *Motion for Leave* was filed electronically and, through the Court's electronic filing system, was served on counsel for all parties.

        /s/ *Katherine Bockbrader*
        KATHERINE BOCKBRADER (0066472)
        Assistant Attorney General