**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| STEVE SNYDER-HILL, et al., | |
| Plaintiffs, | Case No. 2:23-cv-02993 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Chelsey M. Vascura |
| Defendant. | |
| WILLIAM KNIGHT, et al., | |
| Plaintiffs, | Case No. 2:23-cv-02994 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Chelsey M. Vascura |
| Defendant. | |
| EDWARD GONZALES, | |
| Plaintiff, | Case No. 2:23-cv-3051 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Chelsey M. Vascura |
| Defendant. | |

**MOTION FOR LEAVE TO DEPOSE WITNESS AFTER CLOSE OF DISCOVERY**

Under Fed. R. Civ. P. 16(b)(4), Plaintiffs jointly and swiftly move for an order allowing them to subpoena and depose non-party, former Ohio State University employee ██████ ██████████ following testimony on Monday, April 28 which revealed ████████████████. Before the deposition disclosing ██████████ as a person with discoverable information, Plaintiffs had no evidence or understanding of her potential knowledge of Strauss and OSU's investigation of student complaints against Strauss prior to him being relieved of duties.

Then, two days ago, Plaintiffs deposed Dr. Louise Douce, an Ohio State University counselor who "mediated" a complaint brought by "Student B" in January 1995, when the student complained that Dr. Strauss conducted a sexually inappropriate exam on him in Student Health. Dr. Douce testified that ████████████████████████████████████████████████ ████████████████████████████████████████████. Per the deponent,[1] ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████

Plaintiffs now seek to depose ██████████ as soon as possible, but given that the close of fact discovery occurs in 3 days, on May 1, 2026, the revelation of her as a witness comes at an inopportune juncture. The new information qualifies as "good cause" under Rule 16(b)(4) to change the Case Management Order to allow this deposition after the close of discovery. If the Court grants Plaintiffs' motion for leave, Plaintiffs will expeditiously set the deposition on the earliest date practicable for the witness and Ohio State and conduct it via remote means to minimize the burden for all parties.

---

[1] Plaintiffs have not yet received Dr. Douce's transcript, so are relying on their contemporaneous notes of the deposition.

1

## I.      Conferral efforts

The deposition which revealed ██████████ as a witness with probative information concluded around 5:45 PM EST on April 27, 2026. At 10:36 AM EST on April 28, 2026, Plaintiffs' Counsel e-mailed OSU's counsel regarding this motion to seek her testimony out-of-time and other discovery related to her in Ohio State's possession, custody and control. Due to the urgency of the situation because of the looming discovery deadline, Plaintiffs' Counsel requested OSU to respond the following day, today, by noon. At 4:42 PM EST today, OSU responded: "Given that ██ ██████████ did not begin her employment at Ohio State until ██████████ after Strauss stopped treating students at Ohio State—deposing her after fact discovery closes this week makes little sense. Ohio State opposes the request." Additionally, OSU replied that it would not conduct the discovery Plaintiffs requested regarding the ████████ revealed by Dr. Douce and this witness.[2]

## II.     Good cause exists to depose ██████████ out of time.

Given the disclosure this week in sworn testimony that █████████ ███████████ ███████████████████████████████████ good cause exists to grant leave to allow the deposition to occur after the close of discovery. The threshold test of good cause to grant a motion for leave to conduct discovery after the discovery deadline requires a showing that the moving party exercised diligence in pursuing discovery during the allotted period. *Ledbetter v. Schottenstein Prop. Grp.*, LLC, No. 2:20-CV-1037, 2023 WL 8649895, at *1 (S.D. Ohio Dec. 14, 2023) (citation omitted).

Plaintiffs have diligently prosecuted their case throughout the factsheet and discovery process, taking nearly 40 depositions, reviewing thousands of pages of documents, and

---

[2] Plaintiffs will raise with the Court such disputes only if the parties reach impasse.

propounding dozens of written discovery requests on OSU, which sought information that should have divulged ███████████ name and her knowledge of Strauss. Notably, the Perkins Coie Report makes no mention that complaints about Strauss were discussed at OSU after his departure. Despite Plaintiffs' diligence uncovering evidence and thoroughness in reading all the produced materials over the course of the last 2.5 years, ███████████ was not revealed as an individual with knowledge related to Plaintiffs' claims until the afternoon of Monday, April 27th when deponent and former OSU employee Dr. Louise Douce testified that ███████████ ███████████████████████████████████████████████████ ████████

The deponent, Dr. Douce, was employed by Ohio State in various capacities from 1978 – 2016, notably as Assistant Vice President of Student Life from 2007 – 2012 and then Special Assistant in the Office of Student Life from 2013 – 2016. ███████████ was employed by ████████████████.[3] The deponent testified that ████████████████ █████████████████████████████████████████████████████ █████████████████████████████████████████████████████ █████████████████████████████████████ Presumably, ███████████ name had not come up previously in discovery due to the time period she was employed at the University, more than a decade after Strauss was relieved of his duties and given emeritus status.

Plaintiffs have not had reason to inquire of OSU personnel who were employed between 1998 – 2018 given OSU's ongoing representations that it had to investigate itself because those

---

[3] ████████████████████████████████████████████████████ █████████████████████

employed at the time a survivor blew the whistle on the scope of Strauss' abuse had no knowledge of what had occurred vis a vis Strauss, which necessitated the commission of the Perkins Coie Report.[4] Until Monday, when Dr. Douce testified about ████████████████████████████ ███████████████████████████████████████████████████████████, there was no reason to seek deposition from this witness. Unfortunately for Plaintiffs, the timing of the revelation that this witness possesses relevant information occurred during the last week of discovery instead of the first. Moreover, Plaintiffs sought to use other discovery devices as well to obtain this information, asking Ohio State to search ████████████ emails and produce a corporate deponent with knowledge, but Ohio State has not agreed to do either, so deposition testimony is the only means available to obtain information from this witness absent Court intervention on the related discovery OSU is declining to provide. Good cause now exists to permit Plaintiffs to take one additional deposition after the discovery cut-off so Plaintiffs can question ██ ████████████ under oath.

### III. One deposition after discovery closes will not prejudice OSU.

If the Court determines good cause is met, then "[a]nother important consideration ... is whether the opposing party will suffer prejudice by virtue of the amendment." *Ledbetter*, 2023 WL 8649895, at *1 (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). Plaintiffs and Defendant OSU have been hard at work to meet the discovery schedule and ensure all discovery was completed prior to May 1st. However, due to the untimely late disclosure of this witness, Plaintiffs intend to depose her, as they must, once the discovery window has closed. Any potential prejudice to Ohio State is minimal, at best, particularly where ████████████ name should have disclosed months, if not years, ago. Plaintiffs did not exhaust all forty (40) depositions

---

[4] *See generally* Archived Statements, https://straussinvestigation.osu.edu/media

afforded to them as the parties had planned and will seek to depose ▮▮▮▮▮▮▮▮ remotely as soon as the parties' calendars allow.  This one deposition will not impact the trial schedule or any other deadlines.

## IV.     Conclusion

Plaintiffs respectfully request the Court grant leave to conduct one additional deposition after the discovery period ends on Friday. Despite diligent efforts to uncover all evidence for the last two years, Plaintiffs just discovered this witness two days ago and urgently moved the Court for this deposition out of time, so good cause exists to permit Plaintiffs to depose ▮▮▮▮▮▮▮▮ after the close of discovery, with minimal burden to Ohio State.

Dated: April 29, 2026

Respectfully submitted,

/s/  *Sarah T. Bradshaw*
Rex A. Sharp
Sarah T. Bradshaw
Nathan A. Kakazu
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
Phone : (913) 901-0505
Fax : (913) 261-7564
rsharp@midwest-law.com
sbradshaw@midwest-law.com
nkakazu@midwest-law.com

Simina Vourlis (0046689) (Trial Attorney)
The Law Offices of Simina Vourlis
856 Pullman Way
Columbus, OH 43212-3860
Phone: (614) 487-5900
Fax: (614) 487-5901
Email: svourlis@vourlislaw.com

5

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
Phone: 619-295-0035
Fax: 619-295-0172
steve@estey-bomberger.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Phone: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
Phone: (610) 200-0580
Fax: (610) 421-1326
jgs@sstriallawyers.com

Counsel for the *Gonzales* Plaintiffs (*Gonzales, et al.*, Case No. 2:23-cv-3051)

EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Ilann M. Maazel (admitted pro hac vice)
Debra L. Greenberger (admitted pro hac vice)
Hannah Brudney (admitted pro hac vice)
Laura Kokotailo (admitted pro hac vice)
Claire Abbadi (admitted pro hac vice)
One Rockefeller Plaza, 8th Floor
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
E-Mail: hbrudney@ecbawm.com
E-Mail: lkokotailo@ecbawm.com
E-Mail: cabbadi@ecbawm.com

SCOTT ELLIOT SMITH, LPA
Scott E. Smith (0003749)

6

2727 Tuller Pkwy, Suite 140
Dublin, OH 43017
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestriallaw.com

Adele P. Kimmel (admitted pro hac vice)
Alexandra Brodsky (admitted pro hac vice)
PUBLIC JUSTICE
1620 L Street, NW, Suite
630 Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

Counsel for the *Snyder-Hill* Plaintiffs (*Snyder-Hill, et al.*, Case No. 2:23-cv-02993)

J.C. Ratliff (0027898)
Rocky Ratliff (0089781)
200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile: 740.383.2066
attorney.ratliff@gmail.com
attorneyrockyratliff@gmail.com

Counsel for the *Knight* Plaintiffs (*Knight, et al.*, Case No. 2:23-cv-02994)

## CERTIFICATE OF SERVICE

A copy of this document was served by the Court's ECF System on all counsel of record

on April 29, 2026, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

/s/ Sarah T. Bradshaw
Sarah T. Bradshaw

7